(No. 81-CV-0783—)

*In re* APPLICATION OF BEULAH HODGE.

*Opinion filed January 24, 1983.*

BEULAH HODGE, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on July 3, 1980. Beulah Hodge, mother of the deceased victim, Donald Hodge, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on March 23, 1981, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased son, Donald Hodge, age 20, was a victim of a violent crime as defined in section 2(c) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(c)), to wit: murder. Ill. Rev. Stat. 1979, ch. 38, par. 9-1.

2. That on July 3, 1980, the victim was shot by an offender known to him. The incident occurred on the back porch landing of the offender's apartment, located at 4022 North Sheridan Road, Chicago, Illinois. The incident stemmed from a dispute between the victim and the offender's brother, whom the victim believed stole his brother's car radio the night prior to the incident. This dispute resulted in a fight between the victim and the offender's brother. During the course of this fight, the offender came out of the apartment and shot the victim. The victim was taken to Weiss Memorial Hospital where he was later pronounced dead.

3. That the Claimant seeks compensation under the Act for funeral and medical expenses only. The Claimant was not dependent upon the victim for support.

4. That funeral and burial expenses were paid by the Claimant in the amount of $3,495.56. Pursuant to section 2(h) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(h)), funeral and burial expenses are compensable to a maximum amount of $2,000.00.

5. That pursuant to section 10.1(c) (Ill. Rev. Stat. 1979, ch. 70, par. 80.1(c)), any person related to the vic-

tim may be compensated for reasonable funeral, medical and hospital expenses of the victim to the extent to which he has paid such expenses.

6. That the Claimant incurred hospital expenses of the victim in the amount of $600.00, $575.00 of which was paid by insurance, leaving a balance of $25.00. The Claimant has paid this balance in full.

7. That pursuant to section 10.1(e) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 80.1(e)), this Court must deduct $200.00 from all claims, (except in the case of an applicant 65 years of age or older) and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

8. That the Claimant has not received any reimbursements as a result of the victim's death that can be counted as applicable deductions.

9. That after making all the applicable deductions under the Act, the Claimant incurred funeral expenses in excess of the $2,000.00 maximum award deemed compensable under the Act for funeral benefits.

10. That section 10.1 of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 80.1) indicates factors used to determine entitlement to compensation. Specifically, section 10.1(d) of the Act states that an award shall be reduced according to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

11. That it appears from the investigatory report and police investigation that the victim's conduct directly contributed to his death, in that the victim engaged in a fight with the offender's brother. The Court finds that this conduct of the victim contributed to his death to such an extent as to warrant a 25% reduction of the award pursuant to section 10.1(d) of the Act.

12. That the Claimant is entitled to an award based on the following:

| | |
|---|---|
| Compensable funeral expenses | $2,000.00 |
| Paid medical expenses | + 25.00 |
| Total | $2,025.00 |
| Less 25% reduction of award | - 506.25 |
| Total | $1,518.75 |

It is hereby ordered that the sum of $1,518.75 (one thousand five hundred eighteen dollars and seventy-five cents) be and is hereby awarded to Beulah Hodge, mother of Donald Hodge, an innocent victim of a violent crime.