(No. 82-CV-0268-)

*In re* APPLICATION OF JACINTA MARTINEZ.

*Order filed March 28, 1983.*

JACINTA MARTINEZ, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on March 29, 1981. Jacinta Martinez, wife of the victim, Zenon Martinez, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on September 23, 1981, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based on these documents and other evidence submitted to the Court, the Court finds:

1. That on March 29, 1981, the victim was shot during an exchange of gunfire with an individual who was known to him. The incident occurred at 1634 North Artesian Avenue, Chicago, Illinois. The victim was pronounced dead on arrival at St. Elizabeth's Hospital.

Police investigation revealed that the victim was engaged in an argument with another individual when both produced handguns and began shooting at each other. The victim was fatally wounded in the exchange and the other individual was also shot. The weapon of the victim was recovered by the police at the scene. Based on the circumstances of the incident, the State's Attorney office refused to charge the surviving individual.

2. That the Claimant seeks compensation for funeral expenses and loss of support.

3. That section 10.1 of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 80.1) indicates factors used to determine entitlement to compensation. Specifically, section 10.1(d) of the Act states that an award shall be reduced according to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

4. That it appears from the investigatory report and the police report that the victim's death was substantially attributable to the fact that he was armed at the time of the incident and engaged in an exchange of gunfire with another individual.

5. That without addressing the merits of other issues raised in the investigatory report, the victim's conduct contributed to his death to such an extent as to warrant that the Claimant be denied entitlement to compensation.

It is hereby ordered that this claim be, and is hereby denied.