(No. 85-CV-1034-)

*In re* APPLICATION OF FREDIA DOUGLAS

*Order filed May 18, 1990.*

*Opinion filed March 24, 1992.*

FREDIA DOUGLAS, *pro se*, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (JAMES MAHER and KAREN MCNAUGHT, Assistant Attorneys General, of counsel), for Respondent.

432

433

ORDER

Montana, C.J.

This claim arises out of an incident that occurred on November 16, 1984. Fredia Douglas, mother of the deceased victim, Clarence D. Stacker, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1983, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on April 17, 1985, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on November 16, 1984, the victim was fatally shot by an offender who was known to him. The incident occurred on Parkview Road in Frank Holton State Park, Centerville, Illinois. Police investigation revealed that, prior to the incident, the victim had been involved in the use, possession and distribution of illegal narcotics. The victim was pronounced dead at the scene. The offender pled guilty to murder.

2. That section 80.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 80.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

3. That it appears from the investigatory report and the police report that, prior to the incident, the victim had been involved in the use, possession and distribution of illegal narcotics.

4. That the victim's conduct contributed to his death to such an extent that the Claimant be denied entitlement to compensation.

5. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby, denied.

## OPINION

PATCHETT, J.

Claimant comes to this Court seeking a rehearing after his claim was denied. Claimant's cause arises out of an incident on November 16, 1984, in which her son, Clarence D. Stacker, was killed. As mother of the victim, Claimant seeks compensation for loss of support and funeral expenses under the Illinois Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1983, ch. 70, par. 71 *et seq.*

The Court, in its order of May 18, 1990, found the following facts:

1. That on November 16, 1984, the victim was fatally shot by an offender who was known to him. The incident occurred on Parkview Road in Frank Holton State Park, Centerville, Illinois. Police investigation revealed that, prior to the incident, the victim had been involved in the use, possession and distribution of illegal narcotics. The victim was pronounced dead at the scene. The offender pled guilty to murder.

2. That section 80.1 of the Act indicated factors used to determine entitlement to compensation. Specifically, section 80.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

3. That it appeared from the investigatory report and the police report that, prior to the incident, the victim had been involved in the use, possession and distribution of illegal narcotics.

4. That the victim's conduct contributed to his death to such an extent that the Claimant be denied entitlement to compensation.

5. That this claim therefore did not meet a required condition precedent for compensation under the Act.

Pursuant to the Court of Claims Regulations, Claimant made a timely request for a formal hearing on May 21, 1990, and said hearing was held on September 21, 1990. Based on additional testimony presented at the hearing, the commissioner has found these additional facts:

1. That, according to the testimony of Fredia Douglas, Claimant, and Augustus Stacker, uncle of the deceased, the deceased did not participate in the use, possession and distribution of illegal narcotics.

2. That, according to the testimony of both Ms. Douglas and Mr. Stacker, Fred Stacker was the cousin of Clarence Stacker, was with Clarence Stacker, and was also killed in the same incident as Clarence Stacker.

3. That, according to the testimony of Ms. Douglas and Mr. Stacker, Fred Stacker was the only one of the two who participated in the use, possession and distribution of illegal narcotics.

4. That, according to the testimony of Ms. Douglas and Mr. Stacker, only Fred Stacker would have been involved in a transaction of any illegal narcotics on the evening.

5. That the only evidence presented by the Attorney General's Office at the hearing was hearsay evidence of five witnesses who indicated Clarence Stacker had been involved in the use, possession and distribution of illegal narcotics at some time prior to his death.

6. The Attorney General's office was unable to present any direct evidence that Clarence Stacker was participating in the use, possession or distribution of illegal narcotics at the time of his death, or in any manner, or at any time, prior to his death.

Section 80.1 of the Act does prescribe that an award to a claimant under the Act shall be reduced or denied based on several criteria. Among these, section 80.1(d) indicates a victim's actions which have "provoked or contributed to his injury or death, or the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the death or injury of the victim." This section has been used in several past cases as a ground for denying claims for compensation under the Act.

In *In re Application of Martinez* (1983), 35 Ill. Ct. Cl. 1029, the Court denied a claim for loss of support and funeral expenses as in the present case. In this case, the Court found that the victim was shot in "an exchange of gun fire." (35 Ill. Ct. Cl. 1029.) The Court also found

that the victim had been engaged in an argument with the defendant, and that this behavior led to the shooting which ended in the victim's death.

In *In re Application of Anaya* (1981), 35 Ill. Ct. Cl. 540, the Court also denied a claim for compensation under the Act for the death of a victim who was not engaged in contributory behavior at the time of his death. In this case, the victim had beaten his killer during an incident prior to the killing. The Court found that despite the lapse in time between the beating of the killer by the victim and the death of the victim by shooting, the victim had still contributed to his own death in such a manner as to bar the claimant's recovery, per section 80.1(d).

In this case there is no evidence that Clarence Stacker had been involved in any illegal activity at the time of his death, other than possibly being the one who initially provided the transportation for Fred Stacker. Additionally, there was little evidence presented that Clarence Stacker had been involved in past illegal activities regarding illegal narcotics, other than the hearsay evidence offered by the Attorney General's office.

A further indication of Clarence Stacker's non-involvement in any illegal activity at the time of his death is that the killer, James Harris, was sentenced to 20 years for the death of Clarence Stacker, and received no sentence at all for the death of Fred Stacker, despite having pled guilty to killing both. In addition, the Attorney General's investigatory report contains little that was not presented by the Attorney General's office at the hearing.

As a result of these facts, it appears that there is at least some doubt as to the involvement of Clarence

Stacker in any illegal activity which may have been the cause of his death. While this possible involvement should be taken into consideration in reducing the amount of Claimant's award per section 80.1(d), it would appear to be inequitable to allow it to operate as a total bar. In light of these facts and the application of the cases noted above, it is ordered that the Claimant be awarded her claim for funeral expenses in the amount of $2,000.00, but that her claim for loss of support be denied.