(No. 96-CV-1025-)

*In re* APPLICATION OF PRISCILLA NELSON

*Order filed January 17, 1997.*

PRISCILLA NELSON, *pro se*, for Claimant.

JIM RYAN, Attorney General (DONALD MCLAUGHLIN, Assistant Attorney General, of counsel), for Respondent.

ORDER

MITCHELL, J.

This claim is before the Court on an application for compensation filed by the Claimant, Priscilla Nelson, under the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. (740 ILCS 45/1, *et seq.*) The Claimant filed an application alleging she was entitled to compensation for funeral and burial expenses resulting from the homicidal death of her son, Ricky Nelson, on September 4, 1995.

An order was entered by this Court on January 11, 1996, denying the claim due to the victim's conduct contributing to his death to such an extent as to warrant the Claimant be denied entitlement to compensation pursuant to section 10.1(d) of the Act. The Court found the victim contributed to his death by becoming involved in an altercation with his assailant, in which he swung a bat at his assailant. The Claimant made a timely request for a hearing pursuant to Section 13.1 of the Act. A hearing was held on April 30, 1996. The evidence consisted of the testimony of the Claimant and Vanessa McDonald, the victim's sister; a letter from L. King Funeral Chapel in East St. Louis, Illinois; and a bill for funeral expenses totaling $3,174.72.

According to the testimony, the altercation involving the baseball bat occurred a couple of days or the day before the victim was shot to death. The witnesses stated that, at a coroner's inquest into the death of the victim, law enforcement officials did not mention an altercation

involving a baseball bat. The letter from the funeral home stated that according to the victim's death certificate, the cause of death was homicide. The Attorney General's office produced no evidence to rebut this testimony and evidence nor to impeach the witnesses.

Section 10.1 of the Act provides that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior conduct of the victim may have directly or indirectly contributed to the injury or death of the victim. This Court has denied an award where, a short time before the victim was shot and killed, the victim and another person had attacked and severely beaten the offender. (*In re Application of Anaya* (1981), 35 Ill. Ct. Cl. 540.) In another case, this Court reduced an award by 25% where the victim was shot as the result of a dispute between the victim and the offender's brother, whom the victim believed stole his brother's car radio the night prior to the incident. (*In re Application of Hodge* (1983), 35 Ill. Ct. Cl. 1016.) That dispute resulted in a fight between the victim and the offender's brother. During the course of this fight, the offender came out of an apartment and shot the victim. *Id.* at 1017.

The instant case appears to be more similar to *Hodge* than *Anaya.* Here, the original confrontation between the victim and the offender apparently did not result in physical harm being done to the offender, as had occurred in *Anaya.* Furthermore, according to unrebutted testimony, the original confrontation occurred at least one day before the shooting in which the victim was killed. Therefore, due to the fact that the victim's actions indirectly contributed to his death and because there was a lapse of time between the original confrontation and

the shooting, the Claimant, whose funeral expenses claimed exceeded the $3,000 statutory limit, is awarded the $3,000 limit for funeral expenses reduced by 50% due to the victim's contributing acts, for a total award of $1,500.