(No. 92-CV-2334—)

*In re* APPLICATION OF LORETHA WILLIAMS

*Order filed October 5, 1992.*
*Opinion filed October 21, 1998.*

LORETHA WILLIAMS, *pro se.*

ROLAND W. BURRIS and JIM RYAN, Attorneys General (CHARLES A. DAVIS, JR. and DONALD C. MCLAUGHLIN, JR., Assistant Attorneys General, of counsel), for Respondent.

## ORDER

PER CURIAM.

This claim arises out of an incident that occurred on February 10, 1991. Loretha Williams, mother of the deceased victim, Harvey Williams, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 *et seq*.

This Court has carefully considered the application for benefits submitted on May 7, 1992, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on February 10, 1991, the victim was fatally shot by an offender who was known to him. The incident occurred at the victim's residence located at 3234 West Douglas, Chicago, Illinois. Police investigation revealed that, prior to the incident, the victim was involved in a physical altercation with his ex-wife. The victim's ex-wife summoned the offender to come to her aid as the victim was sitting on top of her and holding a knife to her face. The offender entered the room and requested that the victim put the knife down. The victim refused and began slashing at the offender with the weapon. As a result of these actions, the offender produced a handgun and shot the victim in an attempt to protect himself. The Cook County State's Attorney's office declined to prosecute the offender, indicating that he was acting in his own defense.

2. That section 10.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 10.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

3. That it appears from the investigatory report and the police report that the victim was assaulting his ex-wife when the offender came to her aid. The victim then attempted to slash the offender with a knife. As a result of these actions, the offender produced a handgun and shot the victim in an attempt to protect himself.

4. That the victim's conduct contributed to his death to such an extent as to warrant that the Claimant be denied entitlement to compensation.

5. That in order for a Claimant to be eligible for compensation under the Act, there must be evidence that one of the violent crimes specifically set forth under section 2(c) of the Act occurred.

6. That the actions of the offender did not constitute a crime specifically set forth under section 2(c) of the Act.

7. That this claim does not meet required conditions precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby, denied.

## OPINION

FREDERICK, J.

This claim arises out of an incident that occurred on February 10, 1991. Loretha Williams, mother of the deceased victim, Harvey Williams, seeks compensation for

funeral and burial expenses pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. 740 ILCS 5/1 *et seq.*

On October 5, 1992, the Court entered an order denying the claim after considering the Attorney General's investigative report. Based on the investigative report and police reports, the Court found that the victim was assaulting his ex-wife when the offender came to her aid. The victim then attempted to slash the offender with a knife. As a result of the victim's actions, the offender produced a handgun and shot the victim in an attempt to protect himself. The State's Attorney refused to prosecute the offender, indicating that the offender was acting in self-defense.

Pursuant to section 10.1(d) of the Act, an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim. In this case, the Court found that the victim's conduct contributed to his death to such an extent as to warrant that the Claimant be denied entitlement to compensation. *In re Application of Douglas* (1992), 44 Ill. Ct. Cl. 432.

On November 16, 1992, the Claimant belatedly filed a request for a hearing. While the Court could deny this claim solely on the basis of the late filing of the request for hearing, the Court has considered the merits of the claim. The cause proceeded to trial before a commissioner of the Court. Claimant, Loretha Williams, testified at the hearing. She testified that she was not present at the time her son was killed. Upon learning of the shooting, she went to the scene and saw her son lying in the hallway of a building. She believes they let him bleed to death, even though the paramedics said they were doing

everything they could. She believes the paramedics were not moving fast enough to stop the bleeding. Mrs. Williams had considerable stress based on the death of her son. Claimant paid all of the funeral bills, which totaled $4,900. Claimant called no other witnesses. Claimant called no witnesses who were present at the time her son was shot.

The Respondent introduced the police reports. The interviews of the witnesses contained in the police report all substantiate that the victim was abusing his ex-wife and that Larry Logan shot the victim in self-defense.

The Claimant has the burden of proving her claim of entitlement to compensation by a preponderance of the evidence. (*In re Application of Bavido* (1992), 44 Ill. Ct. Cl. 449.) Claimant was not present at the shooting and presented no witnesses to dispute the findings in the police reports and investigative report. While the death of Claimant's son is tragic and the Court sympathizes with the Claimant for the loss of her son, the Court is bound by rules of law and the requirements of the Act. The Claimant presented no new evidence to show that the police reports were inaccurate.

We find that the victim's conduct contributed to his death to such an extent as to warrant that the Claimant be denied entitlement to compensation. This claim does not meet the required conditions precedent for an award of compensation under the Act. *In re Application of Hum* (1992), 44 Ill. Ct. Cl. 486; *In re Application of Casey* (1993), 46 Ill. Ct. Cl. 610.

For the foregoing reasons, it is the order of the Court that Claimant's claim be, and hereby is, denied.