(No. 79-CV-0136—■)

*In re* APPLICATION OF ANNIE CROSS.

*Order filed December 29, 1980.*

ANNIE CROSS, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (ALAN R. BOUDREAU, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on December 3, 1978. Annie Cross, mother of the deceased victim, David Cross, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on December 3, 1978, the victim was shot by an offender who was known to him. Police investigation revealed that the incident stemmed from a dispute regarding territorial rights over the distribution of drugs. When the police arrived at the scene, they observed that the victim was holding a gun in his right hand. The incident occurred on the street at 200 E. 43rd Street, Chicago, Illinois. The victim was taken to Michael Reese Hospital and pronounced dead on arrival. The offender was apprehended and pled guilty to the charge of voluntary manslaughter.

3. That section 7(c) of the Act states that the Court of Claims shall determine the degree or extent to which the victim's acts or conduct provoked or contributed to his injuries or death and reduce or deny the award of compensation accordingly.

4. That the victim's death was attributable to his own conduct in that the incident occurred as a direct

result of an argument concerning the illegal distribution of drugs.

5. That the Court finds that the victim's conduct contributed to his death to such a substantial degree as to warrant a full denial of this claim pursuant to section 7(c).

It is hereby ordered that this claim be, and is hereby denied.