(No. 89-CV-0968—)

*In re* APPLICATION OF ROSIA FORT

*Opinion filed January 19, 1990.*

ROSIA FORT, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (DANIEL BRENNAN and JAMES MAHER, Assistant Attorneys General, of counsel), for Respondent.

BURKE, J.

This cause coming to be heard upon the report of the Commissioner, after hearing before said Commissioner and this Court being fully advised in the premises.

This claim arises out of an incident that occurred on December 4, 1988. Rosia Fort, aunt of the deceased victim, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act (Ill. Rev. Stat. 1985, ch. 70, par. 71 *et seq.*). This matter is before the Court on a rehearing after Claimant's claim was denied.

The aforesaid order denying the claim was based upon information contained in the investigatory report of the Attorney General's office and the police report, which disclosed that the victim had 18 packets of illegal narcotics in his possession at the time of the shooting, which were found on his body. The police had interviewed tenants in the building at 5041 South Federal Street, in Chicago, where the shooting occurred and no one could contribute any information as to the cause of the shooting. However, the aforesaid building and the surrounding area appear to be continuously involved in narcotics trafficking and this Court determined that the victim's conduct contributed to his death. No other conclusion may be reached under the circumstances and the information contained in the police report.

In view of the aforesaid circumstances, possession of 18 packets of narcotics found on the person of the victim, and the reputation of the building as to previous

similar incidents, all of which strongly point to narcotics activities in the area and victim's involvement in same, this Court denied the claim, relying on the provisions of section 10.1(d) of the Act, which provides:

"an award shall be reduced according to the extent to which ° ° ° conduct of the victim may have directly or indirectly contributed to the injury or death of the victim." Ill. Rev. Stat. 1985, ch. 70, par. 80.1(d).

The Claimant denies that the decedent was involved in drug trafficking and contends that the 18 packets of narcotics were planted on his person by the unknown assailant, which contentions are entirely unsubstantiated. The Claimant was advised of statements of witnesses who were interviewed by the police and the information disclosed by them at the time of the shooting, indicating that the conduct of the victim contributed to his death. However, the identity of said witnesses interviewed by the police was not disclosed to Claimant, but Claimant was advised and furnished with a subpoena form which she could file with the police department for production of their files on the incident.

At this hearing, Claimant was granted the opportunity to furnish witnesses which would have any knowledge of the incident involved and possibly offer any evidence contrary to the findings hereinabove described and as of that date, Claimant cannot furnish any such evidence.

Wherefore, having been offered no evidence by Claimant contrary to the record herein, which supports the conclusion that the victim's conduct contributed to his death, as previously determined by this Court, this claim is denied.