(No. 90-CV-0082–)

*In re* APPLICATION OF MARY CURRY

*Order filed May 18, 1990.*
*Opinion filed March 24, 1992.*

MARY CURRY, *pro se*, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (JAMES MAHER, Assistant Attorney General, of counsel), for Respondent.

## ORDER

POCH, J.

This claim arises out of an incident that occurred on July 27, 1988. Mary Curry, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on July 20, 1989, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on July 27, 1988, the deceased victim, Charles Hunter, age 55, was a victim of a violent crime as defined in section 72(c) of the Act, to wit: first degree murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—1).

2. That the crime occurred in Chicago, Illinois.

3. That the Claimant seeks compensation for funeral and burial expenses.

4. That section 80.1(c) of the Act states that a person related to the victim is eligible for compensation for funeral expenses provided that such expenses were paid by him.

5. That section 72(f) of the Act defines "relative" as a spouse, parent, grandparent, stepfather, stepmother, child, grandchild, brother, brother-in-law, sister, sister-in-law, half-brother, half-sister, spouse's parent, nephew, niece, uncle or aunt.

6. That on her application for compensation, the Claimant indicated that she was the common-law wife

of the deceased victim. However, an investigation by the Attorney General's Office indicates that the Claimant and the victim never lawfully married. Thus, the Claimant is not a relative of the victim as defined in section 72(f) of the Act. Therefore, she is not eligible for compensation for funeral expenses.

7. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby, denied.

## OPINION

Poch, J.

This claim arises out of an incident that occurred on July 27, 1988. Mary Curry, the Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. Ill. Rev. Stat. 1989, ch. 70, par. 71 *et seq.*

The Court had previously denied the claim based upon the investigatory report of the Attorney General as well as the application for benefits submitted by the Claimant.

The Claimant requested a hearing and this claim was assigned to a commissioner of this Court for a hearing. At the hearing the Claimant testified that she had been living with the deceased victim, Charles Hunter, since 1973. The Claimant and the victim were never married. The victim was married to another woman who resided in Michigan. The victim had never obtained a divorce from his wife. The victim never adopted the Claimant's children. The victim's spouse was still living at the time of his death.

Pursuant to section 72(f) of the Act, the Claimant must be related to the victim in order to qualify for compensation. The Claimant's status is not a relative for purposes of the Act. Section 72(f) defines "relative" and does not include a common-law relationship. Therefore, the Claimant is not a relative of the victim and is not eligible for compensation for payment of the victim's funeral expense.

The Claimant does not meet the required condition precedent for compensation under the Act.

It is hereby ordered that this claim be and is hereby denied.