(No. 90-CV-0901—)

*In re* APPLICATION OF EDNA ELIZABETH HUM

*Order filed September 14, 1990.*

*Opinion filed June 1, 1992.*

TED A. KORSHAK and EDNA E. HUM, *pro se*, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (JAMES MAHER and ANDREW LEVINE, Assistant Attorneys General, of counsel), for Respondent.

ORDER

BURKE, J.

This claim arises out of an incident that occurred on August 24, 1989. Edna Elizabeth Hum, mother of the deceased victim, Sean Eric Mooney, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on January 11, 1990, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on August 24, 1989, the victim was shot by the two alleged offenders. The incident occurred near 2154 North Hamlin, Chicago, Illinois. Police investigation revealed that at the time of the incident, the victim and a companion were attempting to purchase some marijuana from the alleged offenders. During a conversation between them, one of the alleged offenders produced a handgun and shot the victim. The alleged offenders have been apprehended and charged with first degree murder.

2. That section 80.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 80.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

3. That it appears from the investigatory report and the police report at the time of the incident, the victim and a companion were attempting to purchase illegal marijuana from the alleged offenders.

4. That the victim's conduct contributed to his death to such an extent as to warrant that the Claimant be denied entitlement to compensation.

5. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby, denied.

## OPINION

BURKE, J.

This claim arises out of an incident that occurred on August 24, 1989. Edna E. Hum, mother of the deceased victim, Sean Eric Mooney, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act. On September 14, 1991, this Court entered an order denying Claimant's claim. Edna E. Hum requested a review of this Court's decision.

The Court based its denial pursuant to section 10.1 of the Act which states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim. Ill. Rev. Stat. 1989, ch. 70, par. 80.1.

A hearing was conducted on this matter on September 20, 1991, to give the Claimant an opportunity to present evidence in support of her claim. Claimant Edna E. Hum presented to this Court a copy of a transcript of the criminal case resulting from her son's death entitled *People v. Burgos* (No. 89-19396). The transcript includes the testimony of the person who was with the victim when he was killed. Claimant testified that she did not review the transcript and no other evidence was presented.

The transcript clearly indicates that at the time of the incident the victim and a companion were attempting to purchase cannabis from the alleged offenders in violation of the laws of the State of Illinois. The victim's companion testified at the criminal trial that the victim requested to purchase cannabis. Thus, the criminal conduct of the victim directly contributed to his death.

Wherefore it is hereby ordered that the order of September 14, 1990, denying Claimant's claim remains in full force and effect.