(No. 90-CV-1007– )

*In re* APPLICATION OF HESTER REYNOLDS, SAMANTHA RATCLIFF, SANDRA HOWARD and SHEILA EDWARDS

*Opinion filed August 27, 1990.*

*Order filed March 8, 1991.*

*Opinion filed May 16, 1991.*

*Order filed July 6, 1992.*

*Opinion filed December 18, 1992.*

HESTER REYNOLDS, SAMANTHA RATCLIFF, SANDRA HOWARD and SHEILA EDWARDS, *pro se*, for Claimants.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (JAMES MAHER III and CHARLES A. DAVIS, JR., Assistant Attorneys General, of counsel), for Respondent.

## OPINION

DILLARD, J.

This claim arises out of an incident that occurred on

November 4, 1989. Sandra Howard, mother of the victim's minor child, Sanrena Howard, and Hester Reynolds, mother of the deceased victim, Julius T. Williams, respectively, seek compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*

This Court has carefully considered the applications for benefits submitted on January 29, 1990, and April 4, 1990, respectively, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That Julius T. Williams, age 28, was a victim of a violent crime as defined in section 72(c) of the Act, to wit, first degree murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—1). The victim was shot on November 4, 1989, and expired from these injuries on November 11, 1989.

2. That the crime occurred in Chicago, Illinois, and all of the eligibility requirements of section 76.1 of the Act have been met.

3. That the Claimant, Sandra Howard, seeks compensation for loss of support for the victim's minor child, Sanrena Howard. The Claimant, Hester Reynolds, seeks compensation for funeral expenses.

4. That the Illinois Department of Public Aid has assumed responsibility for the funeral expenses incurred by the Claimant, Hester Reynolds, as a result of the incident.

5. The minor child, Sanrena Howard, born July 10, 1980, was 9 years, 4 months, of age at the time of the incident. Sanrena Howard will attain the age of majority on July 10, 1998, which is 104 months after the incident.

6. That section 72(h) of the Act states that loss of support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $1,000 per month, whichever is less.

7. That the victim's average net monthly earnings were $73.34. Based on $73.34 per month, the projected loss of support for 104 months, the maximum period for loss of support for the victim's minor child, is $7,627.36.

8. That the Claimant Sandra Howard has received no reimbursements that can be counted as an applicable deduction under section 80.1(e) of the Act.

9. That section 80.1(a) of the Act states that a person may be compensated for his pecuniary loss.

10. That the Claimant, Hester Reynolds, has not suffered a compensable pecuniary loss under the Act.

11. That the Claimant, Sandra Howard, has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

12. That the interest of the Claimant, Sandra Howard, would be best served if the award hereunder would be paid pursuant to the installment provision of section 81.1 of the Act.

It is therefore hereby ordered that the sum of $7,627.36 be and is hereby awarded to Sandra Howard, mother of Sanrena Howard, minor child of Julius T. Williams, an innocent victim of a violent crime, to be paid and disbursed to her as follows:

(a) $4,027.36 to be paid to Sandra Howard in a lump sum for the use and benefit of Sanrena Howard;

(b) 48 equal payments of $75 to be paid to Sandra Howard for the use and benefit of Sanrena Howard;

(c) In the event of the death or marriage of the Claimant's child, it is the duty of the personal representative of the Claimant to inform this Court in writing of such death or marriage for the purpose of the possible modification of the award.

It is further ordered that the claim of Hester Reynolds be, and is hereby denied.

## ORDER

SOMMER, J.

This cause comes on to be heard on the Court's own motion;

On August 27, 1990, an opinion was entered which made an award for loss of support to Sandra J. Howard for the use and benefit of Sanrena Howard and denied compensation for funeral expenses to Hester Reynolds. Shortly thereafter, the purported mother of another child of the victim contacted the Court and filed an application for benefits.

Payment of the previous award has not been made due to the possibility that one or more children may also be entitled to an award which, due to the limits on the amount of compensation which can be awarded, may cause a reduction of the award for Sanrena Howard.

It is hereby ordered that this matter is referred to the office of the Attorney General for further investigation and report and that payment of the award made on August 27, 1990, is withheld until further order of the Court.

## OPINION

SOMMER, J.

This claim arises out of an incident that occurred on November 4, 1989. Sandra Howard, mother of Sanrena Howard, minor child of the deceased victim, Hester Reynolds, mother of the deceased victim, Samantha Ratcliff, mother of Julius T. Williams, Jr., minor child of the deceased victim, and Sheila Edwards, mother of Julian T. Williams, minor child of the victim, seek compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*

This Court has carefully considered the applications for benefits submitted on January 29, 1990, April 4, 1990, November 3, 1990, and September 25, 1990, respectively, on the forms prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the applications. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That Julius T. Williams, age 28, was a victim of a violent crime as defined in section 72(c) of the Act, to wit, first degree murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—1). The victim was shot on November 4, 1989, and expired from these injuries on November 11, 1989.

2. That the crime occurred in Chicago, Illinois, and all of the eligibility requirements of section 76.1 of the Act have been met.

3. That the Claimant, Sandra Howard, seeks compensation for loss of support for the victim's minor child, Sanrena Howard. The Claimant, Hester Reynolds, seeks compensation for funeral expenses. The Claimant,

Samantha Ratcliff, seeks compensation for loss of support of the victim's minor child, Julius T. Williams, Jr. The Claimant, Sheila Edwards, seeks compensation for the cost of a tombstone and for loss of support for the victim's minor child, Julian T. Williams.

4. That pursuant to section 80.1(c) of the Act, a person related to the victim is eligible for compensation for funeral expenses of the victim to the extent to which he has paid such expenses.

5. That section 72(f) of the Act defines "relative" as a spouse, parent, grandparent, stepfather, stepmother, child, grandchild, brother, brother-in-law, sister, sister-in-law, half-brother, half-sister, spouse's parent, nephew, niece, uncle or aunt.

6. That the Claimant, Sheila Edwards, is the mother of one of the victim's children. However, the Claimant and the victim were never lawfully married. Therefore, Sheila Edwards is not a relative as defined in section 72(f) of the Act and is not eligible for compensation for the cost of the tombstone.

7. That the Illinois Department of Public Aid has assumed responsibility for the funeral expenses incurred by the Claimant, Hester Reynolds, as a result of the incident. Therefore, Hester Reynolds is not eligible for compensation for funeral expenses pursuant to section 80.1(c) of the Act.

8. That under No. 84-1901619 filed on June 13, 1984, in the Circuit Court of Cook County, Illinois, Municipal Department, 1st District, the victim was found to be the father of Julius T. Williams, Jr. The victim was ordered to pay $75 per month to Samantha Ratcliff for child support of Julius T. Williams, Jr.

9. That the Claimant, Samantha Ratcliff, has not submitted evidence to substantiate that the victim was meeting his monthly child support obligation. Therefore, Samantha Ratcliff is not eligible for compensation for loss of support for Julius T. Williams, Jr.

10. That the Claimant, Sheila Edwards, has not submitted evidence to substantiate her allegation that Julian T. Williams was dependent upon the victim for support. Therefore, Sheila Edwards is not eligible for compensation for loss of support for Julian T. Williams.

11. That the Claimant, Sandra Howard, has submitted documentation to substantiate that Sanrena Howard was partially dependent upon the victim for support. During the six months immediately prior to his death, the victim contributed an average of $76.67 per month in support.

12. That the minor child, Sanrena Howard, born July 10, 1980, was 9 years and 4 months of age at the time of the incident. Sanrena Howard will attain the age of majority on July 10, 1998, which is 104 months after the incident.

13. That based on support payments of $76.67 per month, the projected loss of support for 104 months, the maximum period for loss of support for Sanrena Howard, is $7,973.68.

14. That the Claimant, Sandra Howard, has received no reimbursements that can be counted as an applicable deduction under section 80.1(a) of the Act.

15. That section 80.1(a) of the Act states that a person may be compensated for his pecuniary loss.

16. That the Claimants, Hester Reynolds, Samantha Ratcliff and Sheila Howard, have not suffered a compensable pecuniary loss under the Act.

17. That the Claimant, Sandra Howard, has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

18. That the interest of the Claimant, Sandra Howard, would be best served if the award hereunder would be paid pursuant to the installment provision of section 81.1 of the Act.

It is therefore, hereby ordered that the sum of $7,973.68 be and is hereby awarded to Sandra Howard, mother of Sanrena Howard, minor child of Julius T. Williams, an innocent victim of a violent crime, to be paid and disbursed to her as follows:

(a) $4,973.68 to be paid to Sandra Howard in a lump sum for the use and benefit of Sanrena Howard;

(b) 48 equal monthly payments of $75 to be paid to Sandra Howard for the use and benefit of Sanrena Howard;

(c) In the event of the death or marriage of the Claimant or the Claimant's children it is the duty of the personal representative of the Claimant to inform this Court in writing of such death or marriage for the purpose of the possible modification of the award.

It is further ordered that the claims of Hester Reynolds, Samantha Ratcliff and Sheila Edwards be, and are, hereby denied.

## ORDER

SOMMER, J.

This cause coming to be heard upon Respondent's motion to dismiss, due notice having been given, and the commissioner being fully advised in the premises, it is found that:

1. This claim was scheduled for hearing on November 22, 1991, at 100 West Randolph Street, Room 10-400, Chicago, Illinois, 60601.

2. That only Samantha Ratcliff and Sheila Edwards appeared at the scheduled hearing.

3. That Sheila Edwards was prepared and ready to proceed.

4. That Samantha Ratcliff was given an additional period of 60 days to substantiate her claim with the Attorney General's Office.

5. That on December 7, 1991, the Attorney General's Office sent a certified letter to the Claimant Samantha Ratcliff, again requesting substantiation to which there has been no response.

6. That since November 22, 1991, Samantha Ratcliff has made no contact with the Attorney General's Office.

7. That on December 14, 1991, the Attorney General's Office sent a certified letter to Claimant, Hester Reynolds, which was received and to which there has been no response.

8. That this matter has been set for hearing on one previous occasion and that no progress has been made.

9. That Claimants received notice of this prior hearing and either failed to appear or were not prepared to proceed.

10. That Respondent was present and prepared to proceed on each occasion.

11. That Rule 26 of the Rules of the Court of Claims provides:

"A case may be dismissed for want of prosecution where the Court determines that the claimant has made no attempt in good faith to proceed."

12. In light of the aforementioned facts, neither Hester Reynolds nor Samantha Ratcliff has made a good faith effort to proceed in this matter.

Wherefore, it is hereby ordered the claims of Samantha Ratcliff and Hester Reynolds are hereby dismissed for want of prosecution.

## OPINION

SOMMER, J.

This claim arises from the murder of the victim, Julius T. Williams. Hester Reynolds (mother of the deceased victim), Sandra Howard (mother of Sanrena Howard, minor child of the deceased victim), Samantha Ratcliff (mother of Julius T. Williams, Jr., minor child of the deceased victim) and Sheila Edwards (mother of Julian T. Williams, minor child of the deceased victim) seek compensation pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq*.

On May 16, 1991, this Court rendered an opinion which awarded $7,973.68 to Claimant Sandra Howard for the benefit of Sanrena Howard, minor child of the deceased victim. That order denied the claims of Hester Reynolds, Samantha Ratcliff, and Sheila Edwards. These Claimants subsequently requested a hearing to contest the denial of their claims.

On November 22, 1991, a hearing was held before Commissioner Rochford of the Court of Claims. Claimants Samantha Ratcliff and Sheila Edwards appeared *pro se*, and Assistant Attorneys General James Maher III and Charles Davis, Jr., appeared on behalf of the Respondent, State of Illinois.

On April 26, 1992, the Respondent filed a motion to dismiss for want of prosecution in regard to the claims of Hester Reynolds and Samantha Ratcliff. On July 6, 1992, the Court dismissed the claims of Samantha Ratcliff and Hester Reynolds. Therefore, this opinion addresses only the claim of Sheila Edwards.

In regard to Sheila Edwards' claim, the undisputed facts are as follows:

Sheila Edwards is the mother of Julian T. Williams. Julian T. Williams is the son of the deceased victim Julius T. Williams. The Claimant, Sheila Edwards, and the victim, Julius T. Williams, were never lawfully married. The Claimant seeks loss of support for the victim's minor child, Julian T. Williams.

The victim's minor child, Julian T. Williams, was born on October 24, 1989. The victim was shot on November 4, 1989, and died on November 21, 1989.

There is no evidence that the victim was employed at the time of his death or in the six months prior to his death. Further, the Claimant was unable to substantiate any contributions made by the victim to the household in the six months prior to his death.

The issue is whether the Claimant's minor child was dependent upon the deceased victim.

The Act defines "dependent" as a relative of a deceased victim who is wholly or partially dependent on the victim's income at the time of his death. In determining the loss of support, the Act considers the victim's average net income in the six months prior to the victim's death.

This Court has held "that mere entitlement to support is not dependency under the Act." *In re Application of Smith* (1976), 31 Ill. Ct. Cl. 675, 679.

Where there is no evidence that a victim was actually contributing to a person's support, there can be no dependency under the Act. In looking at the Act as a whole, it is clear that the legislature intended to compensate those persons who experience out-of-pocket loss in defined circumstances.

One who is not actually receiving support at the time of the crime cannot be said to have had an out-of-pocket loss. An expectancy of support is not dependency under the Act. *In re Application of Smith* (1976), 31 Ill. Ct. Cl. 675, 679.

In this case, there is no evidence that the victim was employed or receiving income in the six months prior to his death, and there is no evidence that the victim was contributing to the support of his minor child, Julian T. Williams, at the time of the victim's death.

For purposes of the Act, Sheila Edwards' minor child, Julian T. Williams, was not a dependent of the victim and, therefore, her request for compensation for loss of support for Julian T. Williams is denied.