(No. 92-CV-0728-▮▮▮▮)

*In re* APPLICATION OF LEONARD THOMAS CASEY

*Order filed March 24, 1992.*
*Opinion filed October 19, 1993.*

LEONARD THOMAS CASEY, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (CHARLES A. DAVIS, JR., Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

This claim arises out of an incident that occurred on August 31, 1991. Leonard Thomas Casey, son of the deceased victim, Leonard Casey, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. (1989), ch. 70, section 71, *et seq*.

On March 24, 1992, this Court denied the claim pursuant to section 80.1(a) of the Act based upon the victim's contribution to his own injury.

Claimant made a timely request for a hearing and a hearing was subsequently held before the Commissioner assigned to the case.

On August 31, 1991, Leonard Casey was stabbed by an offender who was known to him. The incident occurred at Mr. Casey's home at 3852 S. Calumet, Chicago, Illinois. The offender told the police investigators that Mr. Casey had supplied her with illegal narcotics in exchange for a sexual act. The offender stated that at the completion of the act, Mr. Casey refused to provide any additional narcotics. The offender obtained a knife and fatally stabbed Mr. Casey. The offender was apprehended and charged with first degree murder.

At the hearing, Claimant, Leonard Thomas Casey, son of the deceased victim, testified. Claimant disputed the findings of the Court because the statements of the offender constituted the only evidence of Mr. Casey's contributory misconduct. Claimant testified that the offender's statements were not credible and should not be considered by the Court.

The only other evidence presented at the hearing in support of Mr. Casey's alleged drug involvement was a scale of the kind often used for weighing narcotics which was found in Mr. Casey's apartment.

The Commissioner suggested to the parties that the medical examiner's postmortem examination report of Mr. Casey might provide evidence and gave the parties ample opportunity to supplement the file. However, neither party obtained nor produced a copy of the medical examiner's report. The Commissioner then requested a copy of the report and the toxicology analysis of the victim's blood revealed the presence of benzoylecgonine, a cocaine metabolite.

Section 80.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death. *In Re Application of Fort* (1990), 42 Ill. Ct. Cl. 392.

In this case, the Respondent relies on statements made by the offender to support the claim that the victim was engaged in criminal activity at the time of the murder, and that the Claimant is, therefore, ineligible for compensation. Claimant disputes the credibility of the offender's statements.

The statements made by the offender do not mitigate her guilt and are therefore not self-serving. This Court can therefore conclude that the statements are more probably true than not true. The physical evidence of the scale found at the scene and the toxicology report provide circumstantial evidence which further bolsters the credibility of the offender's statements.

Claimant also questions the Court's finding because there were no narcotics found at the scene of the incident. Since the offender admitted that she stabbed Mr. Casey because he refused to provide any more narcotics for her use, the Court can assume that the offender would have taken any narcotics when she fled the scene of the incident.

In addition, the fact that Mr. Casey had by-products of cocaine metabolism in his blood at the time of his death further supports the Respondent's position that Mr. Casey was engaged in contributory misconduct.

We therefore find that Mr. Casey's conduct contributed to his death to such an extent as to warrant that the Claimant be denied entitlement to compensation. The claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be and hereby is denied.