(No. 93-CV-1167—

*In re* APPLICATION OF GERALD L. SIVELS, MARJORIE SIVELS BARNES, and CINDIE HUDGENS

*Order filed December 8, 1995.*

GERALD L. SIVELS, MARJORIE SIVELS BARNES, and CINDIE HUDGENS, *pro se*, for Claimants.

JIM RYAN, Attorney General (PAUL H. CHO, Assistant Attorney General, of counsel), for Respondent.

ORDER

MITCHELL, J.

On September 19, 1992, Maurice Sivels was a victim of first degree murder. Gerald L. Sivels, brother of the deceased victim, Cindie Hudgens, mother of Alexis Laurice Hudgens, minor child of the victim, and Marjorie Sivels Barnes, wife of the deceased victim, brought this action seeking compensation pursuant to the Crime Victims Compensation Act, hereinafter referred to as the Act. 740 ILCS 45/1 *et seq*.

On November 16, 1993, following a review of the investigatory report, this Court found that Claimant, Gerald Sivels, had paid funeral expenses in the amount of $2,767.31.

The Court found that Claimant, Cindie Hudgens, had failed to substantiate that the deceased victim was making child support payments in the six months prior to the incident. The Court held that her application for compensation was denied.

The Court further held that Claimant, Marjorie Sivels Barnes, was entitled to loss of support. The Court determined that the victim's average net monthly earnings were $779.90 and his projected life expectancy was 74.2 years. The victim was 39 years old at the time of his death; therefore, the projected loss of support for 35.2 years was calculated at $329,429.76.

Since the pecuniary loss of Claimants Gerald Sivels and Marjorie Sivels Barnes exceeded the $25,000 maximum

allowed by statute, the Claimants' awards were prorated in accordance with the percentage of net loss.

A total award was made to Gerald Sivels in the amount of $200 and to Marjorie Sivels Barnes in the amount of $24,800.

On December 3, 1993, Claimant, Cindie Hudgens, filed a request for the Court's consideration of her claim.

Claimant, Cindie Hudgens, appeared at a hearing on February 16, 1995, and produced a State of Illinois birth certificate for the minor child, Alexis Hudgens, which did not name the child's father.

Illinois Department of Public Aid records indicate that the deceased victim, Maurice Sivels, was required by court order to pay support in the amount of $54 bi-weekly for the benefit of Alexis Hudgens. The effective date of the order was October 8, 1991.

Claimant established that the deceased victim was employed at Julian Electric, Inc. in the six months prior to the incident. However, in a letter dated November 16, 1994, the employer denied having made any child support deductions from the victim's paycheck.

Claimant did not offer any other evidence to support her position that the deceased victim was contributing to the minor child's support.

Section 72(f) of the Act provides that where Claimant is seeking loss of support for the deceased's minor child, the amount shall be based on the amount of support the child received pursuant to the judgment for the six months prior to the victim's death.

The Court has consistently held "that mere entitlement to support is not dependency under the act." *Reynolds v. State* (1992), 45 Ill. Ct. Cl. 525, 535; *In re Application of Smith* (1976), 31 Ill. Ct. Cl. 675, 679.

636

Dependency cannot be found in a case where Claimant fails to produce evidence that the deceased victim was actually contributing to a person's support. The legislature intended to compensate persons who experienced out-of-pocket loss. *Reynolds, supra,* at 536; *Smith, supra,* at 679.

In this case, Claimant has established that there was an order for the deceased victim to pay support for the benefit of his daughter. Claimant further produced evidence that the victim was working in the six months prior to the date of the incident. However, there is no evidence that the deceased was contributing to the support of the minor child during the six months prior to his death.

For the purposes of the Act, the Claimant's minor child was not a dependent of the deceased victim and, therefore, her request for compensation for loss of support must be denied.