650

(No. 94-CV-2294—

*In re* APPLICATION OF CARMEN I. MERCADO

*Opinion filed March 11, 1996.*

CARMEN I. MERCADO, *pro se*, for Claimant.

JIM RYAN, Attorney General (PAUL H. CHO, Assistant Attorney General, of counsel), for Respondent.

OPINION

FREDERICK, J.

Claimant, Carmen I. Mercado, filed her application for benefits under the Crime Victims Compensation Act (740 ILCS 45/1 *et seq.*), hereinafter referred to as the "Act," on February 16, 1994. On March 1, 1995, the Court, relying upon the investigatory report of the Attorney General, denied compensation to the Claimant. The investigation found that Claimant's decedent had a quantity of illegal drugs and a fully-loaded handgun in his possession at the time of his death. Based on those facts, the Court found that the Claimant's decedent contributed to his own death to such an extent as to warrant that the Claimant be denied compensation.

Claimant, Carmen Mercado, is the mother of the deceased victim, Alfredo Mercado. Her application indicates that she claims medical and hospital expenses and funeral and burial expenses. The Claimant made a timely request for a hearing. The case was tried before Commissioner Blakemore.

The issue before the Court is whether the Claimant's decedent's acts or conduct provoked or contributed to his injury or death to the extent that the claim should be reduced or denied. At the hearing Claimant testified that she did not believe her son provoked his own death. There was no proof he used the gun that was found in his possession. Mrs. Mercado was not present at the time her son was shot to death. She was taken to the scene later. She talked to the police a day later. The police told her that someone claiming to be Alfredo Mercado's aunt tried to grab the bag in the car. The offender was a David Ruiz and he was going to trial. She was not aware that her son was a member of the Insane Camel Boy street gang. She believed her son had friends who were Camel Boys but that Alfredo was not a member of the gang. She never had any problems with Alfredo. She was not aware that Alfredo carried a 25-caliber automatic handgun and had a bag of marijuana with him when he was killed. Claimant does not know if her medical insurance covered Alfredo's medical bills. At the time of trial, she was not receiving bills from the Cook County Hospital. Claimant believed her son did not need to be selling drugs.

Before the Court rules on this matter, the Court expresses its condolences to Mrs. Mercado. She has lost her son and there is nothing that can bring him back. Her loss is the greatest a mother can have and there is no doubt that Claimant loved her son very much.

The Crime Victims Compensation Act is a secondary source of recovery. It is strictly a statutory remedy. The

Claimant has the burden of proof that she has complied with all conditions precedent to an award. (*In re Application of Bavido* (1992), 44 Ill. Ct. Cl. 449.) The Act requires the Court to deny compensation where the victim contributes sufficiently to his own injury or death. In the present case, it is undisputed that Claimant's decedent was in possession of illegal drugs and a loaded handgun at the time of his death. Both of these actions are crimes and Claimant's evidence does not credibly dispute this evidence. The Court has denied numerous claims where a Claimant has been involved in a crime at the time of his death where the Court found the illegal conduct contributed either directly or indirectly to the death or injury. (*In re Application of Hum* (1992), 44 Ill. Ct. Cl. 486; *In re Application of Wintrol* (1985), 38 Ill. Ct. Cl. 409; *In re Application of Casey* (1993), 46 Ill. Ct. Cl. 610.) The cited cases are a small sampling of cases where the factor of guns and/or drugs was found by the Court to be a contributing factor to a death or injury to such an extent as to lead to the denial of the claim. Guns and drugs are truly a deadly combination.

In the instant case, Alfredo Mercado had a gun and drugs in his possession and was killed. We find that those factors contributed to the decedent's death to such an extent that the claim should be denied pursuant to section 10.1(d) of the Act.

For the foregoing reasons, it is the order of the Court that this claim be and hereby is denied.