(No. 90-CV-0953—)

*In re* APPLICATION OF BERNESTINE RICHARDSON

*Order filed May 8, 1990.*
*Opinion filed April 15, 1996.*

BERNESTINE RICHARDSON, *pro se*, for Claimant.

JIM RYAN, Attorney General (JAMES MAHER, III and CHARLES DAVIS, Assistant Attorneys General, of counsel), for Respondent.

613

## ORDER

Montana, C.J.

This cause coming on to be heard on the petition of B. Richardson for an extension of time to file documents to claim benefits under the Crime Victims Compensation Act, 740 ILCS 45/1 *et seq.* (hereinafter referred to as the Act); the Court hereby finds:

1. Section 6.1 of the Act provides in pertinent part that a person is entitled to compensation under the Act if:

"(a) within 6 months of the occurrence of the crime he files a notice of intent to file a claim with the Attorney General and within one year of the occurrence of the crime upon which the claim is based, he files an application, under oath with the Court of Claims * * *. Upon good cause shown, the Court of Claims may extend the time for filing the notice of intent to file a claim and application for a period not exceeding one year * * *."

2. The crime was alleged to have occurred on October 12, 1987;

3. The notice of intent was filed January 16, 1990;

4. The application was tendered on January 16, 1990;

5. The petition at bar was filed on January 16, 1990;

6. Pursuant to the section of the Act quoted above we have authority only to extend the filing time for a period not to exceed one year;

7. We are therefore unfortunately constrained by operation of law to deny this petition.

Wherefore, it is hereby ordered that this petition be, and hereby is, unfortunately denied.

## OPINION

FREDERICK, J.

This cause comes before the Court on the petition of Bernestine Richardson for an extension of time to file her claim for benefits under the Crime Victims Compensation Act. On May 8, 1990, the Court entered an order denying the Claimant's petition finding that Petitioner was time-barred by the statute of limitations. The time period for extensions of time for filing the claim had passed the extension period of one year allowed by section 6.1 of the Crime Victims Compensation Act as it appeared on the date of the crime.

The Act stated: A person is entitled to compensation under the Act if:

"(a) within 6 months of the occurrence of the crime he files a notice of intent to file a claim with the Attorney General and within one year of the occurrence of the crime upon which the claim is based, he files an application, under oath with the Court of Claims * * *. Upon good cause shown, the Court of Claims may extend the time for filing the notice of intent to file a claim and application for a period not exceeding one year." Ill. Rev. Stat. 1987, ch. 70, par. 76.1.

The Court based its denial on the facts that the crime was alleged to have occurred on October 12, 1987; the notice of intent was filed on January 16, 1990; the application was tendered on January 16, 1990; and the petition at bar was filed on January 16, 1990. On May 17, 1990, the Claimant requested a hearing to review the Court's decision.

On November 7, 1991, a hearing was held before Commissioner Michael E. Fryzel. The Claimant appeared

615

and testified at the hearing, as did her aunt, Martha Yaney. The Claimant and her aunt were both credible witnesses and indicated they relied on a funeral director who handled the funeral of the alleged victim, the Claimant's husband. The Claimant claims that she was repeatedly told by the funeral director that he filed the appropriate form for her to receive compensation under the Act. A letter from the funeral director, admitted into evidence, stated that "every form that was sent to (the) funeral home * * * was sent back re: Carl Richardson."

There does exist some confusion as to what type of forms the funeral director said he would file, what type of forms he was sent, and what the Claimant believed was being done on her behalf. Certainly the occurrence of a crime in which your spouse is killed could lead to confusion and trauma for the surviving spouse.

It appears in this case that the Claimant believed the appropriate forms for compensation under the Act had been filed for her. She testified, and her aunt corroborated the testimony, that efforts to follow up with the funeral director on the status of any filing always led to assurances that everything necessary had been done. Only when the Claimant began to make further calls to follow up with someone other than the funeral director, did she realize that something was wrong.

At the time of the crime in this case, the maximum period allowed to file, with an extension, was 18 months. Under the amended Act in effect presently, that time period has been extended to 24 months. The time elapsed in the case at bar between the commission of the crime and the filing of the application was 27 months.

The Crime Victims Compensation Act is a secondary source of recovery. (*In re Application of George* (1993),

45 Ill. Ct. Cl. 483.) The Act is statutory and the Court has construed the limitation provisions strictly. (*In re Application of Hutcherson* (1985), 37 Ill. Ct. Cl. 491.) Claimant's reliance on the funeral director's assertions is not a recognizable exception to the filing time limitations.

The Court has denied petitions to extend time where the Claimant alleged an Assistant Attorney General told Claimant not to file the application until a workman's compensation claim was completed and where the Claimant argued the police and hospitals did not give the Claimant information about the Act as required. (*In re Application of Geraghty* (1989), 42 Ill. Ct. Cl. 388; *In re Application of Schenk* (1991), 43 Ill. Ct. Cl. 437.) While we are sympathetic to the Claimant herein, we have no lawful authority to expand the statute of limitations for the filing of the application.

For the foregoing reasons, it is therefore the order of this Court that Claimant's petition for an extension of time to file her claim for benefits under the Crime Victims Compensation Act is denied.