(No. 95-CV-1779—)

*In re* APPLICATION OF GLORIA BARNETT

*Opinion filed May 15, 1996.*

GLORIA BARNETT, *pro se*, for Claimant.

JIM RYAN, Attorney General (PAUL H. CHO, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

This claim arises out of an incident that occurred on September 13, 1994. Gloria Barnett, the mother of the deceased victim, Charles Roy Barnett, Jr., seeks compensation for medical expenses and funeral expenses pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the "Act." 740 ILCS 45/1 *et seq.*

On August 15, 1995, the Court entered an order denying the claim. The police investigation revealed that the victim was arguing with a person on a street, the victim obtained a handgun and pointed it at the person with whom he was arguing, and the alleged offender obtained a handgun and shot the victim. The victim was also found to be in possession of illegal narcotics at the time of the incident. Based on the investigatory report, the Court determined that the victim's conduct contributed to his death to such an extent as to warrant that Claimant be denied entitlement to compensation pursuant to section 10.1 of the Act.

On August 31, 1995, Claimant requested a hearing. A hearing was held on December 15, 1995, at which Claimant appeared and testified. Two daughters of

Claimant, Barbara Walker and Iesha Mason, also attended the hearing. Although mostly hearsay, Ms. Barnett testified that on September 13, 1994, her son left South Suburban College with a girlfriend. He went to get a haircut and the barber told him to return in 30 minutes. Her son and his friend were riding around and they went down Loomis Street in Harvey. They saw somebody they knew and stopped to talk to the guy. A guy got out of another car and began arguing with her son. Her son and the person began fighting. Her son was trying to get back to the car. He was shot in the back while running down the street. Angie, the victim's friend, told Claimant that she heard somebody say "pop that fool." Claimant was not present at the incident.

An individual was arrested, charged and tried. He was found not guilty. According to Claimant, the judge stated that there was insufficient evidence to find him guilty. Angie was in the car during the incident and testified at the criminal trial. Claimant testified that Angie said the victim did not possess a handgun and Claimant was told that the police did not find a gun. Angie did not possess a handgun. In response to questions regarding the police finding narcotics on her son, Claimant indicated that it was odd that the police did not find his apartment keys or his wallet. Angie did not testify before the Commissioner nor was a transcript of her criminal trial testimony presented to the Court.

Claimant's daughter, Barbara Walker, stated that her brother was attending school and was not mixed up in drugs. The victim had worked with his mother at Little Company of Mary Hospital, however he had re-enrolled in college.

Neither Claimant nor her daughters were at the scene of the incident. Claimant did not know why the

fight took place. Angie told her that the other boy got out of the car and he and the victim "started tussling on the ground." Her son tried to run away after the physical altercation. Angie allegedly testified at the criminal trial that the victim did not have a gun. The alleged offender said the victim had a gun.

Claimant stated that she borrowed the money from her credit union for the funeral expenses. She produced a document indicating that she borrowed $2,810 to use for funeral and burial expenses and it has been paid back in full. The assistant Attorney General acknowledged that he was in possession of a funeral director's report indicating that $7,863 was paid by Ms. Barnett.

The police report contains a handwritten notation that "medical technicians released to R/O victim's clothing, a clear plastic bag containing a leafy plant-like material believed to be cannabis, a folded piece of paper containing a white powdery substance believed to be cocaine." Another handwritten notation indicates that the victim's sister, Sulena Barnett, said that Lisa Carter "stated 'Ron' shot victim over a past argument." The report also states "that 'Ron' is a local drug dealer." The fifth page of the report appears to be a summary of the case prepared by the State's Attorney's Office of Cook County against the person charged with the murder of the deceased victim. The summary includes a statement that after the victim and Conwell began fighting "victim Barnett went to his girlfriend's car and retrieved a handgun and pointed it at witness #5 Conwell." The aforementioned statement is attributed only to the person charged with murder. There are no other references to anyone else saying that the victim had a gun.

Neither Claimant nor her two daughters were present at the incident. No occurrence witnesses testified at

this hearing. The victim possessed illegal narcotics at the time of the incident and such possession has not been substantially contradicted. The references to the victim pointing a handgun at an individual with whom he was having a fight are apparently made by the person charged with the murder of the victim. The person was acquitted of the murder of the victim. Angie was not called as a witness in this proceeding to dispute the allegation.

It is undisputed that a physical altercation took place between the victim and an individual. Although the victim was killed by someone other than the person he was fighting, it appears that the shooting arose out of, or was a continuation of, the altercation. No one was convicted of a violent crime against Claimant's son. It is unfortunate that the circumstances associated with the death of the victim have never been finally determined. However, this Court cannot arrive at a different conclusion than the criminal court based upon the evidence presented that the Claimant's decedent contributed substantially to his own death. The decedent may have had a gun, he did have drugs in his possession, and he was involved in an altercation. This Court has consistently denied or reduced awards in cases with facts similar to the facts adduced in this case involving drugs and guns. *In re Application of Hun* (1992), 44 Ill. Ct. Cl. 486; *In re Application of Casey* (1993), 46 Ill. Ct. Cl. 610; *In re Application of Cross* (1980), 34 Ill. Ct. Cl. 411.

The Claimant has the burden of proving that she has met all conditions precedent for an award pursuant to the Act by a preponderance of the evidence. (*In re Application of Bavido* (1992), 44 Ill. Ct. Cl. 449.) While we understand and sympathize with Claimant's loss of her son, we must find that Claimant has not met all conditions precedent for an award under the Act. For the foregoing

reasons, it is the order of this Court that this claim be and hereby is denied.