(No. 93-CV-2399—■■■■■)

*In re* APPLICATION OF KERRY JONES and ROSE MARIE JONES

*Opinion filed May 17, 1996.*

KERRY JONES and ROSE MARIE JONES, *pro se*, for Claimants.

JIM RYAN, Attorney General (PAUL H. CHO, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

This claim arises out of an incident that occurred on May 7, 1991. Kerry Jones, the mother of Brian K. Jones, Brandon D. Jones and Dominique S. Jones, the minor children of the deceased victim, Brian Keith Jones, and Rose Marie Jones, mother of the deceased victim, seek

compensation pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the "Act." 740 ILCS 45/1 *et seq*.

On August 16, 1995, the Court entered an order denying the claim. Based on the investigatory report, the Court found that the deceased victim was involved in the illegal sale and distribution of narcotics and that the offenders shot the decedent during an illegal narcotics transaction. In light of that finding, the Court denied the claim as the victim's conduct provoked or contributed to his death to such an extent that Claimant did not meet the required conditions precedent for an award of compensation. On August 24, 1995, Claimant requested a hearing. The cause was tried before Commissioner Fryzel.

Claimant, Kerry Jones, was the mother of the victim's children and Claimant, Rose Marie Jones, was the mother of the victim, Brian Jones. The victim was fatally shot in the head on March 24, 1991, by George Brown and Christopher Stokes who then left the deceased victim in an abandoned building at 716 E. Marquette Road in Chicago, Illinois, where he was found on May 7, 1991, by two men searching for tin cans. The offenders were later apprehended and found guilty of murder. Stokes was given 35 years and Brown 15 years in prison. On November 30, 1992, Kerry Jones filed a petition for extension of time to file a claim under the Crime Victims Compensation Act. The Court of Claims granted the petition on March 3, 1993, giving her 60 days to file a claim, which she did on March 15, 1993, and August 19, 1993. The claim is for compensation for the mother of the victim and Brandon D. Jones, Brian K. Jones, Dominique S. Jones, minor children of the deceased victim. The Court of Claims denied the claim on September 20, 1993, stating that section 6.1(a) of the Act required that an application

be filed within one year of the date of the crime upon which the claim is based. The Court can extend that period up to another year. This petition was filed more than two years after the crime, constraining the Court by operation of law to deny the petition. The Claimant asked for a review of the decision based on the incapacity of the Claimant, Rose Marie Jones, because she is being treated for schizophrenia, paranoid type (per a May 19, 1994, letter from Community Counseling Centers of Chicago). The Court ordered, on June 29, 1994, that a Commissioner be assigned to hold a hearing to hear evidence on whether Claimant was incapacitated as defined by law so as to extend the statute. A hearing was held before Commissioner Michael E. Fryzel on December 7, 1994. The Attorney General was ordered to file an investigatory report. The Court of Claims denied the claim on August 16, 1995, stating that police investigation revealed that the victim was involved in the sale and distribution of illegal narcotics and that the offenders shot him during an illegal narcotics transaction. Section 80.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death. Since the victim was shot during an illegal drug transaction, his conduct contributed to his death to such an extent as to warrant that the Claimants be denied entitlement to compensation.

Claimant, Kerry Jones, testified that Brian Jones did not deal drugs at all and that the men who murdered him mistook him for his brother, Shawn Jones, who is a drug dealer. This testimony directly contradicts what she told the police when they were investigating the murder. The police report indicates she told officers that on March 23 and 24, 1991, the victim had approximately $3,000 worth of drugs on his person. She related that he did not store

drugs in their residence but had a key to another location unknown to her where he kept narcotics and valuables. She additionally related that Wayne Henley would often accompany the deceased on "drops of narcotics."

Officers also interviewed many other people, including Shawn Jones, who all stated that Brian Jones dealt drugs (cocaine). Wayne Henley told the police that he was called by Brian to go on a run with him for a drug deal on the day Jones was shot, but when Henley arrived at Jones' house, Jones was already gone. While there is some evidence in the police reports that Shawn Jones owed Stokes $30,000 for drugs and that there may have been mistaken identity of Brian for Shawn, there is also reason to believe that everyone knew each other and that the shooting was due to Brian's own drug deals. Section 80.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim. *In re Application of Cross* (1980), 34 Ill. Ct. Cl. 411; *In re Application of Casey* (1993), 46 Ill. Ct. Cl. 610.

We find that, based on the evidence before the Court, Brian Keith Jones contributed to his death to such an extent that this claim should be denied. The evidence points to his involvement in narcotics and indicates that his death was drug-related. Claimants have failed to present sufficient evidence to contradict that conclusion. (*In re Application of Fort* (1990), 42 Ill. Ct. Cl. 392.) While the decedent's death is a tragedy and we sympathize with Claimants in their loss, we are constrained to find that Claimants have failed to meet their burden of proof that they have met all conditions precedent for an award under

the Act. For the foregoing reasons, it is the order of the Court that the claim be and hereby is denied.