ORDER Per Curiam. This claim arises out of an incident that occurred on March 12,1996. Rhonda F. Johnson, friend of the deceased victim, Lucille Henderson, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 et seq. This Court has carefully considered the application for benefits submitted on May 9, 1996, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds: 1. That on March 12, 1996, Lucille Henderson, age 86, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: first degree murder. See section 9 — 1 of the Criminal Code, 720 ILCS 5/9 — 1. 2. That the crime occurred in Chicago, Illinois and all of the eligibility requirements of section 6.1 of the Act have been met. 3. That the Claimant seeks compensation for funeral and burial expenses. 4. That pursuant to section 10.1(c) of the Act, a person related to the victim may be compensated for funeral expenses of the victim to the extent to which she has paid or become obligated to pay such expenses. 5. That section 2(f) of the Act defines “relative” as a spouse, parent, grandparent, stepfather, stepmother, child, grandchild, brother, brother-in-law, sister, sister-in-law, half brother, half sister, spouses parent, nephew, niece, uncle or aunt. 6. That on her application for compensation, the Claimant indicated that she was a friend of the deceased victim. Because she is not one of the relatives as defined in section 2(f) of the Act, the Claimant is not eligible for compensation for funeral expenses, pursuant to section 10.1(c) of the Act. 7. That this claim does not meet a required condition precedent for compensation under the Act. It is hereby ordered that this claim be, and is hereby, denied. OPINION Frederick, J. This cause comes before the Court on Claimant, Rhonda F. Johnsons, Crime Victims Compensation Act application, brought pursuant to the Crime Victims Compensation Act (the Act). (740 ILCS 45/1 et seq.) Claimant seeks reimbursement for burial and funeral expenses arising out of the death of Lucille Henderson. The application, dated May 19, 1996, states that the victim was a family friend of the Claimant. The victim was struck in the head with a blunt object, stabbed repeatedly, then robbed. According to the application, the victim did not have any family and Claimant paid the entire burial cost. On August 21, 1996, the Court entered an order denying the claim. The order included a finding that the deceased victim, Lucille Henderson, was a victim of a violent crime as defined in paragraph 1 of section 2(c) of the Act. However, section 10.1(c) of the Act specifies that a person related to the victim may be compensated for funeral expenses of the victim to the extent that person has paid or is obligated to pay such expenses. Section 2(f) defines “relative.” The Court concluded that Claimants claim did not meet a required condition precedent to compensation as Claimant was not a relative of the decedent. Claimant submitted a written request for review and reconsideration of the denial. Claimant stated therein that she was the only “family” the victim had. Claimant did the victims shopping, took her to the doctor, got her medication, took her on outings, and did her errands. Claimant testified that the victim was like a surrogate grandmother. A hearing was scheduled for December 27,1996, before our Commissioner; however, Claimant did not appear. Another hearing was scheduled for June 27,1997, at which time Claimant appeared and testified. Claimant testified that she paid $3,360 for the funeral and burial expenses of the decedent. The victims death was very emotional for Claimant and Claimants son. The victim had kept Claimant’s son from age six months until he started to school. The decedent was like a grandmother to him. The Claimant used part of her son’s college tuition to pay for the funeral expenses. The victim had no family, but Claimant considered her family. The victim did not live with Claimant. Claimant’s family did not provide any financial assistance to the victim. Claimant did all of the victim’s errands. This is a very sad case. Claimant should be commended for her help to the victim during her life. Claimant deserves to be lauded for her generosity and her decision to help in a time of need. However, the Act does not grant the power or authority for the Court to order compensation to a person not defined as a “relative” in section 2(f) of the Act. A relative is defined in the Act as a spouse, parent, grandparent, child, grandchild, brother, brother-in-law, sister, sister-in-law, half brother, half sister, spouse’s parent, nephew, niece, uncle or aunt. Claimant is not a relative as defined by the Act. She was a true friend. Unfortunately, a surrogate grandmother is not a “relative” under the Act. The Law The burden of proof in a Crime Victims Compensation Act case is on the Claimant to prove by a preponderance of the evidence all conditions precedent for an award under the Act. (In re Application of Mercado (1996), 48 Ill. Ct. Cl. 650; In re Application of Barnett (1996), 48 Ill. Ct. Cl. 661.) The Crime Victims Compensation Act has been strictly construed by the Court as the Act is statutory. The Court has no lawful authority to expand the provisions of the Act. In re Application of Richardson (1996), 48 Ill. Ct. Cl. 612. Section 10.1(c) of the Act allows a person related to a victim of a violent crime to be eligible for funeral expenses of the victim to the extent to which the relative has paid or becomes obligated to pay such expenses. (In re Application of Cox (1994), 47 Ill. Ct. Cl. 586.) This Court in separate cases has previously denied the claims for funeral expenses for a cousin and for the mother of a victims children where the mother and the victim were not married because in both cases the Claimants were not relatives as defined by the Act. (In re Application of Hussain (1993), 45 Ill. Ct. Cl. 72; In re Application of Reynold (1992), 45 Ill. Ct. Cl. 525.) The Court has also denied the claim of a five-in girlfriend of the victim decedent as she was not a relative as defined by the Act. In re Application of Curry (1992), 44 Ill. Ct. Cl. 473. The Court cannot expand the Act to include friends. While we sympathize with Claimant, we must find that Claimant has failed to meet a condition precedent for an award under the Act for funeral expenses, as Claimant was not a relative of the decedent as defined by the Act. For the foregoing reasons, it is the order of the Court that Claimants claim be, and hereby is, denied.