(No. 79-CV-0235– )

*In re* APPLICATION OF HELEN B. MARTINEZ.

*Order filed October 29, 1981.*

HELEN B. MARTINEZ, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (MAUREEN CAIN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that was discovered on January 27, 1979. Helen B. Martinez, wife of the deceased victim, Jose A. Martinez, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on April 9, 1979, on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on January 27, 1979, the victim was found in the front seat of his automobile, parked at 2308 W. Maypole, Chicago, Illinois, with a gunshot wound to the head. Also found in the automobile was a .38 caliber revolver, fully loaded and registered to the victim, and a gray scale of the kind commonly used to weigh narcotics. The victim was taken to Cook County Hospital where he was pronounced dead on arrival.

Further police investigation revealed that on the

evening of January 19, 1979, the victim had left his house with the aforementioned revolver and a large sum of money. Witnesses related to police investigators that the victim was involved in illegal drug transactions and that, prior to the incident, he stated that he was going to make a purchase of heroin. The last time the victim was seen alive was in the early morning hours of January 20, 1979.

2. That the Claimant seeks compensation for funeral expenses and for loss of support for herself and Lisa M. Martinez, age 8.

3. That the Claimant incurred funeral and burial expenses as a result of the victim's death in the amount of $2,894.75, $2,000.00 of which has been deemed reasonable and therefore compensable by the Court.

4. That on February 20, 1981, and on April 21, 1981, pursuant to section 5 of the Act, properly addressed notices were sent to the Claimant notifying her that she must submit the victim's 1978 and 1979 income tax returns to substantiate her claim for loss of support within thirty (30) days from the date of the receipt of the notice.

5. That the Claimant has been duly notified and has failed to submit the substantiating materials within the specified time.

6. That section 7(c) of the Act states that the Court of Claims shall determine the degree or extent to which the victim's acts or conduct provoked or contributed to his injuries or death and reduce or deny the award of compensation accordingly.

7. That the victim's conduct relating to illegal drug transactions contributed to his death to such a substantial degree as to warrant a full denial of this claim pursuant to section 7(c).

It is hereby odered that this claim be, and is hereby denied.