(No. 85-CV-0110 )

*In re* APPLICATION OF LORINE BLACKMAN.

*Order filed October 30, 1984.*

LORINE BLACKMAN, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on July 30, 1983. Lorine Blackman, mother of the victim, Iverson J. Blackman, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on July 27, 1984, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based on these documents and other evidence submitted to the Court, the Court finds:

1. That on July 30, 1983, the victim was shot on the street at 5135 South Federal, Chicago, Illinois. The victim was pronounced dead on arrival at Provident Hospital. Police investigation revealed that the victim was involved in an altercation just prior to the incident. During the course of the altercation, the victim produced a gun and apparently threatened to shoot the other participants. A friend of the victim was able to wrestle the gun from the victim and they then left the scene together.

After the victim left, the other participants reported the incident and threat to police officers who were making an arrest in an unrelated incident. While they were speaking to the officers, the victim approached and began shooting. One of the officers then produced his service revolver and returned the victim's fire. During this exchange the victim was shot. The State's Attorney's office found no basis for criminal charges against the police officer.

2. That the Claimant seeks compensation for funeral and burial expenses only.

3. That section 10.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 10.1(d) of the Act states that an award shall be reduced according to the extent to which any prior criminal conviction or conduct of the victim may have

directly or indirectly contributed to the injury or death of the victim.

4. That it appears from the investigatory report and the police report that the victim's conduct directly contributed to his death. The victim possessed a gun and was shooting into a crowd of people when he was shot by a police officer who was attempting to protect himself and others in the immediate area of the shooting.

5. That the Claimant incurred funeral and burial expenses in the amount of $600.00 which was assumed by the Illinois Department of Public Aid. The Claimant, therefore, has sustained no pecuniary loss.

It is hereby ordered that this claim be, and is hereby, denied.