(No. 82-CV-0433–)

*In re* APPLICATION OF JANICE WINTROL.

*Order filed October 18, 1983.*

*Opinion filed October 18, 1985.*

JANICE WINTROL, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This claim arises out of an incident that occurred on August 25, 1981. Janice Wintrol seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based on these documents and other evidence submitted to the Court, the Court finds:

1. That on August 25, 1981, the Claimant fell from the second story window of an apartment building as she attempted to escape from three offenders who had sexually assaulted her. The incident occurred at 4934 North Kedzie, Chicago, Illinois, and the Claimant was treated for her injuries at Swedish Covenant Hospital. The Claimant related to police officers investigating the incident that she had gone to the above location with the intent to purchase narcotics for some acquaintances. It was during this transaction that she was forced into a second floor apartment and sexually assaulted.

2. That the Claimant seeks compensation for medical/hospital expenses and loss of earnings.

3. That section 10.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 10.1(d) of the Act states that an award shall be reduced according to the extent to which any prior criminal conviction or conduct of the victim may have

directly or indirectly contributed to the injury or death of the victim.

4. That it appears from the investigatory report and the police report that the Claimant's injury was substantially attributable to her involvement in the illegal act of distributing narcotics.

5. That without addressing the merits of other issues raised in the investigatory report, the Claimant's conduct in distributing narcotics contributed to her injury to such an extent as to warrant that the Claimant be denied entitlement to compensation.

6. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.

## OPINION

PATCHETT, J.

This is a claim brought by Janice Wintrol, Claimant, under the provision of the Crime Victims Compensation Act. Findings of fact: On August 25, 1981, Claimant fell from the second story of a building located at 4934 North Kedzie, Chicago, Cook County, Illinois. She fell as she was attempting to escape three offenders who had sexually assaulted her.

There is little evidence as to why the Claimant was at the vicinity of the crime prior to her injuries. She testified that she had gone there in the course of her employment to run errands for her employer, Attorney Marshall Teichner. Detective Stone of the Chicago Police Department testified that he interviewed the Claimant in the emergency room of the hospital on the

morning of August 26, 1981. At that time the Claimant indicated that she had been in the vicinity of the crime in order to purchase drugs or narcotics.

From examination of the Claimant's testimony, and the impeachment brought out during the hearing before the commissioner, it was apparent that there were several inconsistencies in the testimony of the Claimant. We believe that the preponderance of the evidence indicated that the Claimant was engaged in the act of purchasing illegal drugs immediately prior to the criminal assault upon her. Section 10.1(d) of the Crime Victims Compensation Act, as it was in force at the time of the incident, reads as follows:

"(d) an award shall be reduced according to the extent to which any criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim;"

We feel that the prior criminal conduct of the victim either directly or indirectly contributed to her injuries in this case. We feel that the award should be reduced completely, and in effect denied, because of the Claimant's prior criminal conduct.

Therefore, it is the judgment of this Court that this claim be and hereby is denied.