(No. 82-CV-0235– 

*In re* APPLICATION OF MARCELLA D. LAZARUS.

*Order filed November 9, 1983.*

*Order filed August 4, 1986.*

BERNARD EPTON, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG and SALLIE MANLEY, Assistant Attorneys General, of counsel), for Respondent.

Roe, J.

This claim arises out of an incident that occurred on May 29, 1981. Marcella D. Lazarus seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on September 10, 1981, on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on May 29, 1981, the Claimant was robbed of her purse. The incident occurred at 4038 West Washington, Chicago, Illinois. While the Claimant was in her automobile, three offenders approached her car, smashed a window and grabbed her purse. They then fled the scene. The Claimant did not receive any physical injuries as a result of the incident.

2. That in order for a Claimant to be eligible for compensation under the Act, there must be evidence of one of the violent crimes specifically set forth under section 2(c) of the Act.

3. That robbery is not one of the violent crimes specifically set forth under section 2(c) of the Act.

4. That the Claimant seeks compensation for expenses she incurred for psychiatric treatment. The Claimant entered Caylor-Nickel Hospital on June 12, 1981, for treatment of injuries allegedly suffered in this incident. Total expenses for this hospitalization were $4,828.70, none of which was paid by insurance.

5. That the Claimant has not submitted evidence to substantiate that the expenses for which she seeks compensation were incurred for treatment of injuries directly related to this incident. Rather, it appears that these treatments were part of an ongoing condition originating prior to this incident.

6. That the Claimant has not met required conditions precedent for compensation under the Act.

It is hereby ordered, that this claim be, and is hereby denied.

## ORDER

RAUCCI, J.

This is a claim arising out of an incident which occurred on May 29, 1981. Claimant seeks compensation pursuant to the provisions of the Crime Victims Compensation Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court entered an order on November 9, 1983, denying the claim and the Claimant thereafter requested an evidentiary hearing.

The parties stipulated that on May 29, 1981, the Claimant was robbed of her purse. The incident occurred at 4038 West Washington, Chicago. While Claimant was in her automobile, an offender smashed the window and grabbed her purse and fled.

Claimant seeks compensation for hospital expenses of $4,828.70 for psychiatric treatment.

Claimant failed to submit any competent evidence that she was either physically or mentally injured as a result of the incident. She has a history of psychiatric treatment prior to the incident and submitted no

evidence linking the treatment after the incident with the incident.

Since there was no evidence of injury nor evidence that the hospitalization was caused, in any way, by the incident of May 29, 1981, it is hereby ordered, that this claim is denied, with prejudice.