(No. Unassigned—

*In re* APPLICATION OF JOHN M. GERAGHTY

*Opinion filed November 28, 1989.*

JOHN M. GERAGHTY, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (DANIEL BRENNAN, Assistant Attorney General, of counsel), for Respondent.

SOMMER, J.

On July 21, 1988, this Court entered an order denying the Claimant's request to extend the time to file a claim pursuant to the Crime Victims Compensation Act. Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*

The crime occurred on December 23, 1985, while the petition to extend was filed on May 17, 1988. The Crime Victims Compensation Act states that notice of a claim must be filed within six months of the crime and the claim must be filed within one year of the crime. (Ill. Rev. Stat. 1987, ch. 70, par. 76.1(a).) The same section states that the Court "may extend the time for filing the notice of intent to file a claim and application for a period not exceeding one year."

In this matter, a notice was filed in time but no claim was filed. Approximately 28 months after the date of the crime, a petition to extend the time for filing was submitted to this Court. This Court's original order denied the petition for extension on the grounds that the Crime Victims Compensation Act allows an extension of one year beyond the filing of the notice, or a total period of 18 months from the date of the crime.

The Claimant requested a hearing on the order of denial, and such was held on June 7, 1989, and, additionally, on July 7, 1989. The Claimant represented himself and defended his failure to file his application within the time limits stated by the Act by his assertion that an investigator of the Attorney General's office told

him not to file until after the completion of his Workers' Compensation Act claim arising from the same incident. The Attorney General's office testified that it was not their policy to give such advice.

This Court has discussed the issue of late filing in a claim entitled *In re Application of Linda Hutcheson* (1985), 37 Ill. Ct. Cl. 491, 492-93.

"The Crime Victims Compensation Act was enacted by the legislature to aid and assist crime victims under certain circumstances to receive compensation to help pay for the damage they sustained. The legislature also provided the rules under which proceedings must be had to claim the benefit. The legislature further provided that the hearing agency in crimes of this nature was the Court of Claims. The Court of Claims is bound by the acts of the legislature and all procedures set forth by the legislature must be followed by the Court before benefits can be awarded.

❋ ❋ ❋

Claimant, having failed to abide by the rules provided in the Crime Victims Compensation Act, is not entitled to an award ❋ ❋ ❋."

We see no reason that the logic of *Hutcheson* does not apply to this claim. It is therefore ordered that this Court's order of July 21, 1988, is reaffirmed and the Claimant's petition is denied.