(No. 88-CV-0763—)

*In re* APPLICATION OF CHARLIE MAE ALEXANDER

*Order filed October 17, 1988.*
*Order filed March 25, 1991.*

CHARLIE MAE ALEXANDER, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (CAROL J. BARLOW, Assistant Attorney General, of counsel), for Respondent.

## ORDER

POCH, J.

This claim arises out of an incident that occurred on January 5, 1987. Charlie Mae Alexander, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1985, ch. 70, par. 71, *et seq.*

This Court has carefully considered the application for benefits submitted on March 24, 1988, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on January 5, 1987 the body of the victim was found in her residence located at 14634 Center Avenue, Harvey, Illinois. The victim was taken to Ingalls Hospital where she was pronounced dead on arrival. An investigation by the Harvey Police Department and the Cook County medical examiner's office determined that the victim died of four self-inflicted stab wounds to the abdomen. Her death was classified as a suicide.

2. That in order for a Claimant to be eligible for compensation under the Act, there must be evidence that one of the violent crimes specifically set forth under section 72(c) of the Act.

3. That the victim's death was determined to be a suicide. Therefore, she was not the victim of one of the violent crimes specifically set forth under section 72(c) of the Act as no crime of violence was perpetrated against her.

4. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.

## ORDER

MONTANA, C.J.

Claimant seeks compensation of $2,035.00 for funeral expenses pursuant to the provisions of the Crime Victims Compensation Act (Ill. Rev. Stat. 1987, ch. 70, par. 71, *et seq.*). On October 17, 1988, the Court of Claims entered an order denying this claim. The Court had carefully considered the application and the Attorney General's investigatory report but denied the claim on the basis that there was insufficient proof that Darlene Alexander's death was the result of a violent crime and her death had been classified by the Cook County medical examiner's office as a suicide. The Claimant requested a hearing and a trial was held on August 14, 1989.

Darlene Alexander, the daughter of Claimant, died on January 5, 1987. Claimant lived in Cincinnati, Ohio. Darlene had been living with Pete and Margarette Cross in Chicago, Illinois. Margarette Cross was a minister and

Darlene attended their church and then moved in with them.

Although the Cook County medical examiner has listed the death as suicide, Charlie Mae Alexander, the Claimant, strongly believes that her daughter was murdered. She feels everyone knows it was really a murder and she believes her daughter was killed by Margarette and Pete. However, Claimant has no real proof to support her allegations. It appears no one has ever been charged criminally with the death of Darlene Alexander. The Crosses have indicated they are sorry about Darlene's death but have not admitted any involvement therein.

Claimant indicated a doctor would say it was not suicide but the doctor was on a busy schedule and unable to come to court. She had no written reports from the doctor and presented none to the court even after being given 30 days to obtain and file same. All testimony concerning what Claimant believed the doctor would say was hearsay. Claimant's testimony concerning what people were telling Claimant about the death was also hearsay.

William Massengill testified for the Claimant that he believed Darlene was murdered. He felt the police investigation was poorly done. He also believed the police reports to be inaccurate and confusing. The reports indicated that Darlene was seen at 1:00 p.m. Pete Cross found her body at 1:30 p.m. and the paramedics arrived at 1:37 p.m. The reports also indicated that Peter Cross picked up the knife and put it on a desk.

Tammy Alexander testified that she believed her sister was murdered because she was very religious and would not commit suicide. Pete Cross called them and

said Darlene was dead and hung up. She believed her sister was on social security disability but did not know why. She believed the Crosses gave Darlene $10 out of her check and they kept the rest. She felt Darlene was murdered because on January 1st, Darlene had called and said she was coming home. Then on the date of her death, Yvonne Flowers had seen Darlene alive at 1:00 p.m. and Darlene was dead at 1:30 p.m. She thought the coroner's report indicated rigor mortis within one-half hour and she could not understand this circumstance. The Crosses indicated to the police that Darlene was suicidal but she did not believe that to be true.

Gail Covin testified that she too believed her sister was murdered. Gail believed Darlene would never take her own life. Gail had attended the Crosses' church. The church encouraged participation in bizarre rituals including dead spirits and tongues. Darlene broke away from the church but she believed in the Crosses and went to Illinois with them. Then in January, Darlene said she was coming home. Three days later, she was dead. She observed the body of her sister after the autopsy and before the funeral. Ms. Covin testified that Darlene had a six-inch stab wound on her left side and another stab wound on the left side about four inches long. She also had two more stab wounds on her right side. She could not believe her sister stabbed herself four times (twice on each side) to commit suicide.

Claimant believes her daughter was murdered. However, the case brought in the Court of Claims is not a criminal prosecution. Claimant is seeking partial payment of the funeral bill pursuant to the Illinois Crime Victims Compensation Act. Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*

For Claimant to prevail, she must prove that the decedent's death was the result of a violent crime. The

official finding of the Medical Examiner was suicide. The Claimant does not accept that finding. However, Claimant has not proven with legal evidence that the decedent died as a result of a violent crime. Even if the cause of death was undetermined, she could not prevail. *In re Application of Krell* (1982), 35 Ill. Ct. Cl. 552.

The Claimant has raised several very interesting questions about the death of Darlene Alexander. If Darlene was stabbed four times, twice on each side, questions are raised as to a determination of suicide. However, the Court of Claims is a Court which must follow the rules of evidence and can only award money damages pursuant to statute. Raised questions, innuendo and beliefs, however strong, cannot substitute for evidence. Without adequate evidence, the Claimant has failed to meet her burden of proof.

Thus, it is therefore ordered that the Court's order of October 17, 1988 be, and is hereby affirmed, and this claim is again denied with prejudice.