(No. 91-CV-0995– )

*In re* APPLICATION OF WILMA STEFFEL

*Order filed January 29, 1992.*
*Opinion filed June 29, 1993.*

WILMA STEFFEL, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (CHARLES A. DAVIS, JR., Assistant Attorney General, of counsel), for Respondent.

## ORDER

Montana, C.J.

This claim arises out of an incident that occurred on December 17, 1989. The Claimant, Wilma Steffel, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on November 7, 1990, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on December 17, 1989, the Claimant alleges that she was injured by her ex-husband, the alleged offender. The alleged incident occurred at 12500 South Austin, Palos Heights, Illinois. Police investigation revealed that prior to the incident, the Claimant initiated a domestic dispute with the alleged offender over the division of property as defined in their divorce decree. The alleged offender accused the Claimant of taking property that did not belong to her. The Claimant

accused the alleged offender of threatening her with a knife and twisting her arm. Further investigation revealed that the alleged offender received a cut to his hand as he attempted to grab a steak knife from the Claimant. Attempts from the responding police officer to resolve this situation resulted in the Claimant becoming abusive to the alleged offender and being asked to leave the premises. The conclusion of the investigation determined that the Claimant was the aggressor in this incident. The Cook County State's Attorney Office declined to approve charges in this case indicating that the credibility of the combatants and witnesses was in question.

2. That section 80.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 80.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

3. That it appears from the investigatory report and the police report that the Claimant initiated all the dispute which resulted in her alleged injuries.

4. That the Claimant's conduct contributed to her injury to such an extent as to warrant that the Claimant be denied entitlement to compensation.

5. That in order for a claimant to be eligible for compensation under the Act, there must be evidence that one of the violent crimes specifically set forth under section 72(c) of the Act occurred.

6. That the actions of the offender did not constitute

a violent crime specifically set forth under section 72(c) of the Act.

7. That this claim does not meet required conditions precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.

## OPINION

FREDERICK, J.

On January 29, 1992, the Court entered an order denying the Claimant's claim based on the investigatory report of the Attorney General. The Court found that the Claimant's conduct contributed to her injury to such an extent as to warrant that the claim be denied. The Court further found the actions of the alleged offender did not constitute a crime specifically set forth under section 72(c) of the Act. The Claimant requested an evidentiary hearing on the claim and the cause was tried before Commissioner Sternik on March 2, 1993.

Claimant testified that she believed her claim is based on an attempted murder situation carried out by her ex-husband. She claims her ex-husband denied her right to remove her personal effects from the home. Claimant testified there were numerous complaints filed by her against her former husband but they were conveniently erased. She also stated the police officer was paid to file a false report. When she finally received a copy of the police report from the purported incident, she found that a false claim had been filed with the State's Attorney. She testified the incident stated in the report did not take place. Claimant told the police the report was false.

Claimant indicated she would not stop at the Court

of Claims but would take her case to the Governor. Claimant feels like she is being treated as a culprit rather than a victim in this case. She cannot understand the police report and wanted it explained to her. The reports admitted into evidence indicate the sheriff's office disposed of the criminal cases by stating,

"Situation does not warrant criminal proceedings; Order of Protection to be obtained by above Complainant. (Husband and Wife)."

The police report in the case indicates when the police arrived Mr. Steffel was bleeding and Mrs. Steffel was accusing him of twisting her arm. The police found it apparent that Claimant started the fight. No obvious injury was found to Claimant and Mr. Steffel was cut. Officer O'Neill noted that despite his attempts to resolve the argument, Claimant continued to curse Mr. Steffel. The reports also indicate that the State's Attorney refused Claimant's request for a criminal complaint against Mr. Steffel because Claimant was the offender in the incident. The officer indicated Claimant was uncooperative and abusive during the time he tried to resolve the matter.

## The Law

The Crime Victims Compensation Act is a secondary source of recovery. (*In re Application of Lavorini* (1989), 42 Ill. Ct. Cl. 390.) The Act is intended to aid and assist crime victims under certain circumstances to receive compensation to help pay for the damage they sustained. The rules and procedures applicable to such claims must be followed before the Court of Claims can award benefits. (*In re Application of Geraghty* (1989), 42 Ill. Ct. Cl. 388.) For a claimant to be eligible for compensation, there must be evidence that the claimant was the victim of a violent crime as specifically set forth in section 22 of the Act. (*In re Application of Lazarus* (1986), 39 Ill. Ct.

Cl. 312.) The Claimant has the burden of proving her claim by a preponderance of the evidence. *In re Application of Sole* (1976), 31 Ill. Ct. Cl. 713; *In re Application of Hogan* (1985), 38 Ill. Ct. Cl. 395.

The Crime Victims Compensation Act also provides that the award of compensation shall be reduced to the extent which any criminal conduct of the victim may have directly or indirectly contributed to the injury of the victim. *In re Application of Wintrol* (1985), 38 Ill. Ct. Cl. 409.

We have carefully reviewed the entire record in this case. From a review of the record, we find that Claimant has not proven that she was the victim of a violent crime as defined in the Act by a preponderance of the evidence. Claimant requested a trial and a trial was held. The trial was the time to present evidence and not the time to make unsubstantiated claims that police and prosecutors were paid off, filed false reports, or were in cahoots with her ex-husband. As a Court, we can understand that Claimant was going through a difficult dissolution and post-dissolution time. However, we are bound by rules and burdens of proof. Claimant was given the opportunity to present evidence. That evidence did not fulfill her burden of proof. *In re Application of Alexander* (1991), 43 Ill. Ct. Cl. 459.

For the foregoing reasons, it is the order of this Court that Claimant's claim pursuant to the Crime Victims Compensation Act is hereby denied.