(No. Unassigned— 

*In re* APPLICATION OF PAMELA J. CURRY

*Order filed January 26, 1990.*
*Opinion filed August 26, 1994.*

PAMELA J. CURRY, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General, for Respondent.

## ORDER

SOMMER, C.J.

This cause coming on to be heard on the petition of applicant, Pamela Jean Curry, for an extension of time to file necessary documents in submission of application for benefits under the Crime Victims Compensation Act.

Based upon the information contained in said petition and by the Crime Victims Compensation Act, we find that the crime in question occurred more than 18 months before the filing of the application, and as Crime Victims Compensation Act requires filing of notice within six months which can be extended for one year on good cause, we find that we are unable to extend the filing deadline under the law.

Wherefore, it is hereby ordered that said petition be denied.

## OPINION

FREDERICK, J.

The Claimant, Pamela J. Curry, filed her notice of intent to file a claim pursuant to the Crime Victims Compensation Act on December 14, 1989. (740 ILCS 45/1 *et seq.*) On its face, the application indicated the Claimant was an adult (date of birth: 1/4/56) and that the alleged crime had occurred on June 28, 1986. On January 26, 1990, the Court properly denied Claimant's petition for

an extension of time to file necessary documents in submission of her application for benefits under the Crime Victims Compensation Act. Pursuant to statute, the absolute filing deadline, including an extension for good cause, was 18 months from the date of the crime. The application of the Claimant was filed more than two years and five months from the date of the alleged crime.

The Claimant was notified of the Court's decision on January 30, 1990, and advised of her right to a hearing. Claimant timely filed a request for hearing on February 16, 1990. The case was assigned to a Commissioner to take evidence on the sole issue of whether Claimant had a legal disability which would excuse the filing of the application within the limitation period which expired on December 29, 1988. The Claimant was unable to attend the scheduled hearing and requested that she be allowed to submit her evidence by written evidence. We grant that request and accept the filing of Claimant's exhibits in support of her assertion for an extension of time to file the claim for evidentiary purposes. We also waive Claimant's appearance as requested. We accept all of Claimant's exhibits as evidence to be considered in deciding this case.

The Court has revised the entire file, including all of Claimant's exhibits and all of Claimant's pleadings and motions. The Court is duty-bound to follow the statute of limitations. A statute of limitations can only be extended if the Claimant is under the age of 18 or under a legal disability. (735 ILCS 5/13—211.) The record is clear that Claimant was over the age of 18 on June 28, 1986. The only other issue is whether Claimant was under a legal disability from June 28, 1986, until December 14, 1989, or any time during that period for a sufficient period to extend the limitations period to December 14, 1989. This statute has generally been construed to toll a statute of

limitations during a party's infancy or mental incapacity or incompetency. (*Girman v. Cook County* (1981), 103 Ill. App. 3d 897.) A formal legal adjudication is not required to show that a person is under a "legal disability." *Estate of Riha v. Christ Hospital* (1989), 187 Ill. App. 3d 752.

The evidence presented by Claimant was that she was detained for three days in a mental health facility. She was discharged on June 30, 1986, without any diagnosis of a mental disease. The affidavit of Patricia Jean Curry of July 17, 1989, indicates Claimant had not previously been counseled at Peace River. The Federal court order of December 31, 1990, is also important in that the Court denied a motion for a mental exam of Claimant in unrelated litigation as such exam was not warranted.

The record is therefore devoid of any evidence that Claimant was suffering from any legal disability from at least July 1, 1986, until December 14, 1989. Claimant has made it clear that she is not suffering from any mental disease or disorder in her pleadings.

This Court has consistently strictly construed the statute of limitations in crime victims compensation cases. The Crime Victims Compensation Act does not grant an exception to the limitations period as an excuse that the Claimant lacked information from police or hospitals regarding the Act. (*Schenk v. State* (1991), 43 Ill. Ct. Cl. 437.) We have consistently refused to extend the filing period where no disability is proven. (*In re Application of Geraghty* (1989), 42 Ill. Ct. Cl. 388.) The Crime Victims Compensation Act is a secondary source of compensation. A claimant must prove the claim by a preponderance of the evidence. *In re Application of Bavido* (1992), 44 Ill. Ct. Cl. 449.

The Court of Claims is bound by the acts of the legislature and all procedures set forth by the legislature must

be followed by the Court before benefits can be awarded. *In re Application of Hutcheson* (1985), 37 Ill. Ct. Cl. 491.

The facts are clear that Claimant failed to file her claim within the time limits established by law. While we are sympathetic to the traumatic experience alleged by Claimant, we are constrained by law to deny her petition for extension of time to file. The claim is therefore denied as time barred.