(No. 94-CV-0190—

*In re* APPLICATION OF STEVEN SOCOLOVERT

*Opinion filed January 30, 1996.*

STEVEN SOCOLOVERT, *pro se*.

JIM E. RYAN, Attorney General (PAUL H. CHO, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

This claim arises out of an incident that occurred on June 16, 1993. The Claimant, Steven Socolovert, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. 740 ILCS 45/1 *et seq*.

On December 23, 1994, the Court entered an order denying the claim. The Court found that Claimant's conduct contributed to his injury to such an extent as to warrant that the Claimant be denied compensation. On January 29, 1995, the Claimant timely filed a request for hearing. The cause was tried before Commissioner Fryzel.

The Claimant was shot in the leg on June 16, 1993, near 57th Street and St. Louis Street in Chicago, Illinois, by a young boy on a bicycle who flashed gang signs at the Claimant as he drove by the area on his way home from work. The young boy was with several other boys. The Claimant, who does not belong to any gang, responded to the gang signs by stopping his car, exiting the vehicle, and confronting the individuals, one of whom pulled a handgun and shot the Claimant in the upper leg. The offenders then fled the scene and were never apprehended by the police.

The Claimant testified that he did exit his car and confront the young boys rather than just driving off and leaving them behind and probably avoiding injury to himself. The Claimant also testified that the reason he stopped his vehicle was that he came to a stop sign and stopped. He heard a pop. It was a thud against his car. He thought the kids threw a rock against his car. He saw the kids flashing gang signs at him. He had always been taught to stand up for himself and not to be a coward. He was very mad. He got out of his car and started running after the kids who appeared to be of the age of between 12 and 15. He ran after them. He did not possess a gun. The Claimant recognizes he did not use good judgment by chasing these boys. The Claimant then saw one of the boys coming after him with a handgun. The Claimant then started going back to his car. One of the assailants came up to the car and fired into the car, striking the Claimant.

There is no question that the Claimant is a victim of a violent crime. It is indeed a sad commentary when a decent, hard-working young man like the Claimant is shot on the way home by children gang members. The Act states, however, in section 10.1(d) that an award shall be reduced or denied according to the extent to which the

victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury to or death of the victim. *In re Application of Blackman* (1984), 37 Ill. Ct. Cl. 466; *In re Application of Casey* (1993), 46 Ill. Ct. Cl. 610.

We are required to determine if Claimant's award should be reduced or denied according to the extent Claimant's conduct provoked or contributed to his injury. As Claimant testified, it was not good judgment to angrily chase after these young gang members that infect our inner cities like a scourge. While we might consider that Claimant was attempting a citizen's arrest, we are concerned that Claimant did not even check to see if his car was damaged before angrily chasing these young gang members. In this case, hindsight being perfect, the better procedure would have been for the Claimant to first check to see if there was any damage to his vehicle, and, if so, then to call the police. It would not have been cowardly to call the police. It would have been prudent.

The facts are that as imprudent as Claimant's actions may have been, his actions were not unreasonable. The reasonable man does not expect children to have guns and use them. We are also impressed with the fact that once Claimant saw the young assailant with the gun, he returned to his car. Claimant was actually shot while in his car with the doors locked and the windows up.

While Claimant did contribute in some respects to his injuries, he did not contribute to the extent that his claim should be denied. We find that Claimant's award should be reduced by 35 percent for his contribution. In light of this finding, the case must be remanded for an investigation and report by the Attorney General of Claimant's damages pursuant to the Act.

Wherefore, it is the Court's finding:

1. That Claimant is a victim of a violent crime defined in the Act.

2. That Claimant has met all preconditions for an award pursuant to the Act.

3. That any award must be reduced by 35 percent for Claimant's contribution to his own injury.

Therefore, it is ordered:

A. That the Attorney General shall investigate this claim and report to the Court the medical, hospital and employment expenses to which Claimant is entitled as an award pursuant to the Act.

B. That the Court will reduce the award by 35 percent for the reasons stated in this opinion.