(No. 95-CV-0298—■■■■■■■)

*In re* APPLICATION OF MARGARET SCHLOTMANN

*Order filed March 2, 1995.*

*Opinion filed November 6, 1996.*

MARGARET SCHLOTMANN, *pro se*, for Claimant.

JIM RYAN, Attorney General (PAUL H. CHO and DONALD C. MCLAUGHLIN, JR., Assistant Attorneys General, of counsel), for Respondent.

## ORDER

PER CURIAM.

This claim arises out of an incident that occurred on January 22, 1994. Margaret Schlotmann, mother of the deceased victim, Linda Schlotmann, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1, *et seq*.

This Court has carefully considered the application for benefits submitted on August 1, 1994, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General which substantiates matters set

forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on January 22, 1994, the victim was shot by an unknown offender. The incident occurred on Laura Lee Street, Cahokia, Illinois. Police investigation revealed that the victim and a companion went to this area to purchase illegal narcotics. While driving along the street, the victim and her companion allowed the offender to enter their vehicle in order to complete the drug transaction. The offender then produced a handgun and announced a robbery. The offender then fatally shot the victim and fled the scene. The offender has not been apprehended.

2. That section 10.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 10.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

3. That it appears from the investigatory report and the police report that at the time of the incident, the victim and a companion were attempting to purchase illegal narcotics from the offender. During a subsequent robbery attempt, the offender shot the victim.

4. That the victim's conduct contributed to her death to such an extent as to warrant that the Claimant be denied entitlement to compensation.

5. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be and is hereby denied.

## OPINION

FREDERICK, J.

This claim is before the Court on an application for compensation filed by the Claimant, Margaret Schlotmann, under the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. (740 ILCS 45/1, *et seq.*) The Claimant filed an application alleging she was entitled to compensation for funeral and burial expenses resulting from the homicidal death of her daughter, Linda Schlotmann, on January 22, 1994.

An order was entered by this Court on March 2, 1995, denying the claim due to the victim's conduct contributing to her death to such an extent as to warrant the Claimant be denied entitlement to compensation pursuant to section 10.1(d) of the Act. The Court found the victim contributed to her death by going to the area in which she was killed for the purpose of purchasing narcotics. The victim was shot to death when the narcotics seller robbed the victim and her companion. The Claimant made a timely request for a hearing pursuant to section 13.1 of the Act. A hearing was held before the Commissioner on April 30, 1996. The evidence consists of the testimony of the Claimant.

According to the Claimant's testimony, her daughter, the victim, was not purchasing narcotics herself but her companion was. The Claimant stated that the victim was attempting to get treatment for substance abuse and was assisting the United States Drug Enforcement Administration by turning in crack houses. However, there was no evidence that at the time of her death, the victim was assisting authorities. The victim's assailant was charged with first degree murder and armed robbery and was sentenced to 35 years in prison.

Section 10.1 of the Act provides that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to her injury or death, or to the extent to which any prior conduct of the victim may have directly or indirectly contributed to the injury or death of the victim. This Court has denied awards where the death of a victim was immediately preceded by a drug transaction involving the victim. (*In re Application of Martinez* (1981), 35 Ill. Ct. Cl. 525; *In re Application of Wintrol* (1985), 38 Ill. Ct. Cl. 409.) In *Martinez*, the victim was killed in an area where he went to buy heroin. (*Martinez*, 35 Ill. Ct. Cl. at 526.) In *Wintrol*, the victim went to an apartment building to buy narcotics for an acquaintance, was sexually assaulted, and fell from a second-story window attempting to escape from her attackers. *Wintrol*, 38 Ill. Ct. Cl. at 410.

The only apparent differences between these cases and the instant case appear to be that a companion, not the victim, was purchasing narcotics and that the victim may have assisted authorities in investigating drug dealers. However, there was no evidence presented that the victim was unaware that she was going to an area where drug trafficking was prevalent for the purpose of purchasing narcotics. In addition, there was no evidence presented that this trip by the victim was in any way related to any assistance she was providing law enforcement authorities. The Act was meant to lessen the hardship on the innocent victims of crime and their families. The victim here was not a totally innocent victim but was present at an unlawful drug transaction. Therefore, due to the fact that the victim's actions contributed to her death, it is the opinion of the Court that the claim be denied.

The Claimant did submit an affidavit by one David M. Kahn indicating he had knowledge that the decedent

cooperated with law enforcement officials. There is nothing in the affidavit to indicate that Mr. Kahn is with a police agency. In fairness, we will grant Claimant 60 days to file with the Court an affidavit, signed by a law enforcement official on official letterhead, indicating that the decedent was assisting police at the time of her death. In the event such an affidavit is filed, the Court will reconsider the claim's denial. In the event such affidavit is not filed, then and in that event, this claim is dismissed with prejudice on the sixty-first day following the entry of this opinion without further order.