(No. 96-CV-1195—)

*In re* PETITION OF MARIA LUKAS

*Order filed June 17, 1997.*

MARIA LUKAS, *pro se*, for Claimant.

JIM RYAN, Attorney General (DONALD McLAUGHLIN, Assistant Attorney General, of counsel), for Respondent.

## ORDER

SOMMER, C.J.

This claim was heard on the Claimant's petition for extension of time to file a claim under the Crime Victims Compensation Act, hereinafter referred to as the Act. 740 ILCS 45/1 *et seq.*

The victim, the Claimant's husband, was injured in a fight in a supermarket on May 2, 1987, and the Claimant's petition was filed on October 16, 1995. The petition recited that the victim was comatose after the incident and died on December 12, 1994. The Court referred the Claimant's petition to a Commissioner for hearing to determine whether the victim was "legally disabled as a result of the occurrence," such that he could not file an application under the Act. 740 ILCS 45/6.1(a).

At the hearing, the Claimant testified that the victim was seriously injured in the incident and spent 18 days in intensive care during which time he was in a coma. The victim did come out of the coma and on May 30, 1987, was transferred to the Rehabilitation Institute of Chicago where he received treatment for six months. Additionally, in 1987 or 1988, the victim sought counsel as to whether to file under the Act and was advised not to do so by his attorney. The victim died of a heart attack in 1994.

The victim was declared disabled by the Social Security Administration as a result of his injuries incurred on May 2, 1987. The Claimant argues that the victim, therefore, was "legally disabled" for purposes of extending the statute of limitations for filing of claims under the Act. Persons have one year after the incident of violent crime to file under the Act. This one year period may be extended by an additional year by the Court. 740 ILCS 45/6.1(a).

For purposes of extending the time for filing, a person must be "legally disabled," that is, the person must be an infant or suffering from mental incapacity or incompetency. *In re Application of Curry* (1994), 47 Ill. Ct. Cl. 550, 553.

The victim may have been impaired, but it does not appear that he was incompetent. In the discharge summary

from the hospital from which the victim was discharged in late May of 1987, the victim was described as alert, walking about, and able to answer questions. The victim discussed filing under the Act with an attorney. This presumes that the victim could understand the availability of the Act and the requirement for filing thereunder. We find that the victim was not incompetent during the period when he could have filed for benefits under the Act.

The Claimant also is alleging that the victim died as a result of the 1987 incident, which occurred six to seven years previously. The victim died in 1994 of a heart attack. There is absolutely no evidence that the 1987 incident caused the victim's death other than the Claimant's belief.

It is therefore ordered that the Claimant's petition for extension of time to file a claim under the Crime Victims Compensation Act is denied, and this Claim is dismissed.