(No. 96-CV-0514—)

*In re* APPLICATION OF BETTY GOSS

*Order filed February 26, 1996.*
*Opinion filed December 3, 1997.*

BETTY GOSS, *pro se*, for Claimant.

James E. Ryan, Attorney General (Paul H. Cho and Michael F. Rocks, Assistant Attorneys General, of counsel), for Respondent.

## ORDER

Per Curiam.

This claim arises out of an incident that occurred on July 18, 1995. Betty Goss, mother of the deceased victim, Antonio Goss, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 750 ILCS 45/1 *et seq.*

This Court has carefully considered the application for benefits submitted on August 18, 1995, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That July 18, 1995, the victim was fatally shot by the alleged offender. The incident occurred in a parking

lot located at 1559 North Central Avenue, Chicago, Illinois. Police investigation revealed that the victim was standing in the driveway of the parking lot when the alleged offender began yelling for the victim to move his auto as it was blocking the parking lot exit. The victim and his accomplice then entered the victim's auto and drove southbound on Central Avenue while the alleged offender drove northbound on Central Avenue. As the alleged offender stopped at a stop light, the victim made a u-turn and drove up to the alleged offender's auto. Both the victim and his accomplice exited the car, walked over to the alleged offender, and punched him through the window of his car. As a result, the alleged offender produced a handgun and fired several shots, striking the victim in the chest and leg areas. The alleged offender has been apprehended and charged with first degree murder.

2. That section 10.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 10.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

3. That it appears from the investigatory report and the police report that as the alleged offender stopped at a stop light, both the victim and his accomplice approached the offender and punched him through the window of his car. As a result, the alleged offender produced a handgun and fired several shots, striking the victim in the chest and leg areas.

4. That the victim's conduct contributed to his death to such an extent as to warrant that the Claimant be denied entitlement to compensation.

5. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be and is hereby denied.

## OPINION

FREDERICK, J.

This claim arises out of an incident that occurred on July 18, 1995. Claimant, Betty Goss, mother of the deceased victim, Antonio Goss, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. 740 ILCS 45/1 *et seq*.

The Claimant, Betty Goss, is the mother of the deceased victim, Antonio Goss, who was fatally shot on July 17, 1995, at North and Central in Chicago, Illinois. The police report indicates that the victim and the offender, Joseph Gilmore, were arguing in a 7-Eleven parking lot about Mr. Goss's auto blocking Mr. Gilmore who was trying to exit the lot. Mr. Goss moved his car and Mr. Gilmore pulled onto Central Avenue northbound and stopped at the traffic light at North Avenue. Mr. Goss then entered his auto with Brant Barber and they were proceeding south on Central when they made a u-turn and pulled up at the corner of North and Central. Subsequently, they exited the car and went up to Mr. Gilmore's car. Two police officers who happened to be stopped at the light westbound on North Avenue saw one of the two men reach through the window of Mr. Gilmore's vehicle and strike Mr. Gilmore. Mr. Gilmore then produced a pistol and fired four or five shots at the two men, killing Mr. Goss and wounding Mr. Barber. Mr. Gilmore was then apprehended by the officers and charged with first degree murder.

On February 1, 1996, Betty Goss filed her claim pursuant to the Crime Victims Compensation Act seeking

$4,412.57 for funeral expenses, $180 for clothing, and $1,484.50 for medical expenses. The Court of Claims denied the claim on February 26, 1996, stating the facts as noted above and that section 10.1(d) of the Act states that an award shall be reduced or denied according to the extent the victim's acts or conduct provoked or contributed to his injury or death. The victim's conduct in this case contributed to his death to such an extent as to warrant that the Claimant be denied entitlement to compensation.

The Claimant requested a review of the Court's decision. A hearing was held before Commissioner Michael E. Fryzel on June 24, 1997.

The Claimant did not witness the incident upon which her claim is based. The Claimant testified that she heard that Mr. Gilmore had left and come back and started shooting. The police interviewed several people, including the two officers who witnessed the shootings. All witnesses stated that the offender left the scene and was followed by the victim, who along with the other shooting victim, threatened and hit the offender in his car. The shootings resulted from the actions of the two victims. Section 10.1(d) of the Act provides that an award shall be reduced or denied to the extent that the victim's acts and conduct provoked or contributed to his death. *In re Application of Casey* (1993), 46 Ill. Ct. Cl. 610; *In re Application of Blackman* (1984), 37 Ill. Ct. Cl. 466.

It is more likely than not that the victim would be alive if he had not followed, threatened and struck Mr. Gilmore. The Claimant has the burden of proving by a preponderance of the evidence that she has met all conditions precedent for an award under the Act. (*In re Application of Hogan* (1985), 38 Ill. Ct. Cl. 409.) Claimant has failed to prove that the victim did not provoke the

incident which caused his death. *In re Application of Spain* (1993), 45 Ill. Ct. Cl. 552.

For the foregoing reasons, it is the Order of the Court that Claimant's claim be and hereby is denied.