(No. 97-CV-0464—

*In re* APPLICATION OF JOSEPH A. MOSLEY

*Order filed December 26, 1996.*
*Opinion filed April 14, 1998.*

MACCHITELLI & ASSOCIATES (JAMES J. MACCHITELLI, of counsel), for Claimant.

JAMES E. RYAN, Attorney General (DONALD C. MCLAUGHLIN and MICHAEL F. ROCKS, Assistant Attorneys General, of counsel), for Respondent.

## ORDER

Per Curiam.

This claim arises out of an incident that occurred on August 19, 1995. The Claimant, Joseph A. Mosley, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 *et seq*.

This Court has carefully considered the application for benefits submitted on August 19, 1996, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on August 19, 1995, the Claimant was shot, allegedly by an unknown offender. The incident allegedly occurred at 9th and Burr, Gary, Indiana. The Claimant alleges that he was a passenger on a school bus when he was shot by the offender.

2. That pursuant to section 2(d) of the Act, a victim is defined as a person killed or injured in the State as a result of a crime of violence perpetrated or attempted against him.

3. That the shooting incident allegedly occurred in the State of Indiana, not the State of Illinois. Because the crime did not occur in Illinois, the Claimant is not eligible for compensation pursuant to section 2(d) of the Act.

4. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be and is hereby denied.

OPINION

FREDERICK, J.

This claim arises out of an incident that occurred on August 19, 1995. The Claimant, Joseph A. Mosley, seeks compensation pursuant to the Crime Victims Compensation Act, hereinafter referred to as the Act. 740 ILCS 45/1 *et seq*.

On December 26, 1996, based on the investigatory report, the Court denied the claim. The Court found that the victim was injured in the State of Indiana. Pursuant to section 2(d) of the Act, a victim is defined as a person killed or injured in *this* State as a result of a crime of violence perpetrated or attempted against him. (Emphasis added.) The Claimant, who lives in Chicago, Illinois, was shot through the rear window of a school bus on August 19, 1995, by an unknown offender while he was riding on the school bus at 9th and Burr in Gary, Indiana. Claimant was 15 years old at the time of the shooting and was an orphan. Claimant now has limited use of his legs due to the injury. On August 19, 1996, he filed his claim under the Crime Victims Compensation Act for medical, transportation and education expenses. Because the crime did not occur in Illinois, the Claimant is generally not eligible for compensation pursuant to section 2(d) of the Act. The Claimant, through his attorney, requested a review of the Court's decision denying the claim. A hearing was held before Commissioner Michael E. Fryzel on June 24, 1997.

The Claimant testified that he is seeking benefits for medical bills, tuition and transportation. His medical bills were being paid by public aid, however, when his mother died, he did not reapply in his own name because he did not have a guardian. Claimant's attorney believes the Claimant should be paid $25,000 pursuant to the Illinois Act for

three reasons: The first reason advanced by the Claimant is that the maximum limit of compensation is higher in Illinois than it is in Indiana. The second reason is that Claimant applied to Indiana for compensation but has not heard from Indiana in regard to his claim. The third reason is that the Claimant lives in Chicago and was on a Chicago school bus when the incident happened. Further, all of the witnesses are from Illinois, and most of Claimant's medical treatment was in Illinois. The facts are not in dispute that the crime and injury occurred in Indiana. Claimant has made a claim pursuant to the Indiana Compensation for Victims Act but the limit for compensation in Indiana is $10,000.

Section 2(d) of the Act defines a "victim" as a person killed or injured in Illinois as a result of a crime of violence perpetrated or attempted against him. Because the crime in this case did not occur in Illinois, the Claimant is not eligible for compensation pursuant to this section of the Act.

The Crime Victims Compensation Act is a secondary source of recovery. (*In re Application of Lavorini* (1989), 42 Ill. Ct. Cl. 390.) The Act is intended to aid and assist crime victims under certain circumstances to receive compensation to help pay for the damage victims sustain. The rules and procedures applicable to such claims must be followed before the Court of Claims can award benefits. (*In re Application of Geraghty* (1989), 42 Ill. Ct. Cl. 388.) The Claimant has the burden of proving his claim and that he has met all conditions precedent for an award under the Act by a preponderance of the evidence. *In re Application of Sole* (1976), 31 Ill. Ct. Cl. 713; *In re Application of Hogan* (1985), 38 Ill. Ct. Cl. 395; *In re Application of Steffel* (1993), 45 Ill. Ct. Cl. 546.

Claimant asks the Court to find that a crime committed in Indiana against an Illinois resident is compensable

under the Act. This Court must strictly construe the Act. (*In re Application of Drake* (1994), 47 Ill. Ct. Cl. 563.) Section 2(d) of the Act clearly requires the crime and injury to occur in Illinois to be compensable under the Act except under limited circumstances. Section 2(d)(6) of the Act does give Illinois residents certain relief for crimes committed in other states. This section states:

"[A]n Illinois resident who is a victim of a 'crime of violence' as defined in this Act except, if the crime occurred outside this State, the resident has the same rights under this Act as if the crime had occurred in this State upon a showing that the state, territory, country, or political subdivision of a country in which the crime occurred does not have a compensation of victims of crimes law for which that Illinois resident is eligible."

Based on the evidence that Claimant has made a claim under the Indiana Victims of Crime Act and that we must strictly construe the Illinois Act, it is clear that Claimant is not eligible for compensation pursuant to the Illinois Crime Victims Compensation Act. *In re Application of Drake* (1994), 47 Ill. Ct. Cl. 563.

Claimant has not proven that Indiana does not have a victim of crimes compensation law for which Claimant is not eligible. Claimant's complaint is that the maximum recovery is less pursuant to the Indiana law than it is under the Illinois law. A strict construction of our Act does not allow for that circumstance alone to be an exception so that Claimant can bring his claim under Illinois Act. Such a construction is best left to our legislature if that body believes an exception should be made for those circumstances. At this time, however, no such exception exists. Claimant must proceed with his claim in Indiana.

For the foregoing reasons, it is the order of the Court that Claimant's claim be and hereby is denied.