(No. 97-CV-2783—)

*In re* APPLICATION OF ARTHUR JOHNSON, JR.

*Order filed May 5, 1997.*
*Order filed January 11, 1999.*

ARTHUR JOHNSON, JR., *pro se.*

JIM RYAN, Attorney General (DONALD C. MCLAUGHLIN, JR., Assistant Attorney General, of counsel), for Respondent.

### ORDER

SOMMER, C.J.

This cause is before the Court on Claimant's petition and application for benefits. Claimant filed his application on April 9, 1997, which states that Claimant was the victim of a violent crime that took place on November 10, 1993.

Section 6.1 of the Crime Victims Compensation Act (740 ILCS 45/6.1) requires that claims be filed with the Court within one year of the date of the occurrence of the crime. The Court may extend that period by one year. These limitations periods are, however, jurisdictional. (705 ILCS 505/22(h).) In the present case, Claimant's application was filed over three years after the date of the crime. The Court sympathizes with Claimant's plight but is constrained by statute from making an award.

It is hereby ordered that Claimant's petition and application for benefits is denied and this cause is dismissed with prejudice.

### ORDER

SOMMER, C.J.

This cause is before the Court on Claimant's application for benefits under the Crime Victims Compensation Act. (740 ILCS 45/1 *et seq.*) On May 5, 1997, this Court denied Claimant's petition for extension of time and application on the ground that they were not filed within the limitations period set forth in the Act. Claimant filed a timely petition for hearing, which was held before a Commissioner of this Court on February 18, 1998. No briefs have been filed in this matter.

According to Claimant's petition for extension of time and application, on November 30, 1993, he was getting out of his car to talk to a friend when he was shot twice in the chest and back. At the hearing, Claimant and his mother testified that he was taken to Little Company of Mary Hospital immediately. After about two months, Claimant was transferred to Mercy Hospital for one month, then allowed to go through rehabilitation at home. In October of 1994, Claimant underwent outpatient and inpatient rehabilitation at Oak Forest Hospital until December, when he returned home.

After Claimant returned home, his rehabilitation continued. It appears that Claimant remains paralyzed below the waist and is confined to a wheelchair. During his hospitalization, Claimant had several surgeries and there is little doubt from the testimony of Claimant's mother and pastor that he and his mother have suffered tremendously as a result of this tragedy.

Section 6.1 of the Crime Victims Compensation Act (740 ILCS 45/6.1) requires that claims be filed with the Court within one year of the date of the occurrence of the crime. The Court may extend that period by one year. These limitations periods are, however, jurisdictional. (705 ILCS 505/22(h).) In the present case, Claimant's application was filed over three years after the date of the crime.

Claimant's mother testified that she learned of the crime victims compensation program while her son was at Mercy Hospital, two months after he was shot. Claimant's mother also testified that she called the crime victims program at the Attorney General's office at some unknown time, and received an application. She did not complete the application immediately, however, because she was moving to another house. All of Claimant's medical bills were paid by Public Aid. Claimant is seeking compensation for lost wages.

In order to extend a time for filing, a person must be "legally disabled," that is, the person must be an infant or suffering from mental incapacity or incompetency. (*In re Application of Curry* (1994), 47 Ill. Ct. Cl. 550, 553.) Claimant is confined to a wheelchair and his mobility is severely restricted. This limitation, however, is an impairment and does not rise to the level of incompetence. There is no evidence that he was incompetent for the entire two-year period, or even a substantial part of it, following the crime. In fact, there was no evidence presented about Claimant's mental abilities at all. While there is no doubt that Claimant has suffered greatly, he has not proven that he was incompetent under the law.

Wherefore, this Court's order of May 5, 1997, denying this claim is affirmed and this case is closed.